1  Daniel Feinberg (SBN 135983)
   FEINBERG, JACKSON,
2  WORTHMAN & WASOW LLP
   383 4th St., Suite 201
3  Oakland, CA 94607
   Telephone: (510) 269-7998
4  Facsimile:  (510) 269-7994
   Email: dan@feinbergjackson.com
5
   *Attorneys for Plaintiffs*
6

7               UNITED STATES DISTRICT COURT

8              NORTHERN DISTRICT OF CALIFORNIA

9              SAN FRANCISCO/OAKLAND DIVISION

10

11
   MANLEY GOUGH, JOHN GOUVEIA,        Case No.
12 CURTIS BRYANT,

13              Plaintiffs,
                                      **COMPLAINT (ERISA)**
14              v.
                                      **CLASS ACTION**
15 MICHAEL A. TENNYSON, CATHLEEN
   W. TENNYSON, PLAN COMMITTEE
16 OF THE TENNYSON ELECTRIC, INC.
   EMPLOYEE STOCK OWNERSHIP
17 PLAN, and TENNYSON ELECTRIC,
   INC.,
18
                Defendants.
19

20

21              **I.     INTRODUCTION**

22      1.     Plaintiffs Manley Gough, John Gouveia and Curtis Bryant bring this action

23 pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001

24 et seq., on behalf of a Class of participants (and their beneficiaries) in the Tennyson Electric, Inc.

25 Employee Stock Ownership Plan (the "ESOP" or "Plan") to require Defendants to make good to

26 the Plan, Plaintiffs, and Class Members losses resulting from fiduciary violations, to restore to the

27 Plan any profits that have been made by the breaching fiduciaries and parties in interest through

28 the use of Plan assets, and to obtain other appropriate equitable and legal remedies in order to

---

redress violations and enforce the provisions of Title I of ERISA.  Plaintiffs and the Class they seek to represent have been cheated out of their hard-earned retirement benefits as a result of violations of ERISA's fiduciary rules by the fiduciaries entrusted with their Plan.

2.      The ESOP is an employee benefit plan as defined by ERISA § 3(3), 29 U.S.C. § 1002(3), and is subject to ERISA pursuant to ERISA § 4(a)(1), 29 U.S.C. § 1003(a)(1). The ESOP is an "employee stock ownership plan" within the meaning of ERISA § 407(d)(6), 29 U.S.C. § 1107(d)(6).

## II.      JURISDICTION

3.      This Court has subject matter jurisdiction over Plaintiffs' claims pursuant to ERISA § 502(e) and (f), 29 U.S.C. § 1132(e) and (f), and 29 U.S.C. § 1331.

## III.      VENUE

4.      Venue lies in the Northern District of California pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), because the Plan is administered in this District by Defendants.  Venue is also proper pursuant to 28 U.S.C. § 1391(b) because Defendants reside within this District and a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred within this District.

## IV.      INTRADISTRICT ASSIGNMENT

5.      This action arises in Alameda County because the Plan is administered in Livermore by Defendants. Accordingly, it is properly assigned to the San Francisco/Oakland Division pursuant to Local Rule 3-2(d).

## V.      PARTIES

6.      Plaintiffs Manley Gough, John Gouveia and Curtis Bryant are former employees of Defendant Tennyson Electric, Inc.  At all relevant times, Plaintiffs have been participants, as defined by ERISA § 3(7), 29 U.S.C. § 1002(7), in the ESOP.

7.      At all relevant times, Defendant Michael A. Tennyson has been a Trustee of the ESOP within the meaning of ERISA §403(a), 29 U.S.C. § 1103(a), and a member of the Defendant Plan Committee of the Tennyson Electric, Inc. Employee Stock Ownership Plan. Defendant Michael A. Tennyson is President and Secretary of Defendant Tennyson Electric, Inc.

Defendant Michael A. Tennyson at all relevant times has been a "fiduciary" within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A), because he exercised discretionary authority or discretionary control respecting management of the ESOP and/or exercised authority or control respecting management or distribution of the ESOP's assets, and/or had discretionary authority or discretionary responsibility in the administration of the ESOP.  Defendant Michael A. Tennyson at all relevant times has also been a party in interest under ERISA § 3(14), 29 U.S.C. § 1002(14).  Defendant Michael A. Tennyson is the spouse of Defendant Cathleen W. Tennyson.  Defendant Michael A. Tennyson resides in Livermore, California.

8.      At all relevant times, Defendant Cathleen W. Tennyson has been a Trustee of the ESOP within the meaning of ERISA §403(a), 29 U.S.C. § 1103(a), and a member of the Defendant Plan Committee of the Tennyson Electric, Inc. Employee Stock Ownership Plan. Defendant Cathleen W. Tennyson is Vice President of Defendant Tennyson Electric, Inc. Defendant Cathleen W. Tennyson at all relevant times has been a "fiduciary" within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A), because she exercised discretionary authority or discretionary control respecting management of the ESOP and/or exercised authority or control respecting management or distribution of the ESOP's assets, and/or had discretionary authority or discretionary responsibility in the administration of the ESOP.  Defendant Cathleen W. Tennyson at all relevant times has also been a party in interest under ERISA § 3(14), 29 U.S.C. § 1002(14). Defendant Cathleen W. Tennyson is the spouse of Defendant Michael A. Tennyson.  Defendant Cathleen W. Tennyson resides in Livermore, California.

9.      Defendant Plan Committee of Tennyson Electric, Inc. Employee Stock Ownership Plan ("Committee") is and has been the "administrator" of the ESOP within the meaning of ERISA § 3(16)(A), 29 U.S.C. § 1002(16)(A) at all relevant times. Defendant Committee at all relevant times was a "fiduciary" within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A), because it exercised discretionary authority or discretionary control respecting management of the ESOP and/or exercised authority or control respecting management or distribution of the ESOP's assets, and/or had discretionary authority or discretionary responsibility in the administration of the ESOP.  Defendants Michael A. Tennyson and Cathleen

1   Tennyson W. Tennyson have at all relevant times been the members of the Committee. Defendant

2   Committee is an unincorporated organization or association located in Livermore, California.

3       10.     Defendant Tennyson Electric, Inc. ("Tennyson Electric") is a California

4   corporation headquartered in Livermore, California. Tennyson Electric is the sponsor of the

5   ESOP within the meaning of ERISA § 3(16)(B), 29 U.S.C. § 1002(16)(B), and has been the

6   named fiduciary and "administrator" of the ESOP within the meaning ERISA § 3(16)(A), 29

7   U.S.C. § 1002(16)(A) at all relevant times.  Tennyson Electric delegated its duties as

8   "administrator" to Defendant Committee.  At all relevant times, Tennyson Electric was a

9   fiduciary of the ESOP under ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A), because it exercised

10  discretionary authority or discretionary control respecting management of the ESOP, and/or had

11  discretionary authority or discretionary responsibility in the administration of the ESOP.

12  Defendant Tennyson Electric had the fiduciary responsibility to monitor the Trustees and

13  Committee, and remedy any fiduciary violations committed by the Trustees and/or Committee.

14  Defendant Tennyson Electric at all relevant times was also a party in interest under ERISA §

15  3(14), 29 U.S.C. § 1002(14).

16                          **VI.     FACTS**

17      11.     Defendant Tennyson Electric is an underground electrical contractor on public

18  works and commercial contracts.  The Company operates primarily in Northern California.

19      12.     From 2005 until 2015, Tennyson Electric was owned by the ESOP.

20      13.      In 2005, the ESOP purchased Tennyson Electric from Defendants Michael and

21  Cathleen Tennyson for $7,425,000 in a 100% leveraged transaction.

22      14.     Although the ESOP had 100% ownership of Tennyson Electric prior to 2015,

23  Defendants Michael and Cathleen Tennyson continued to exercise complete control over the

24  Company.

25      15.     Tennyson Electric experienced a downturn in work as a result of the 2008

26  recession.  The value of the ESOP's company stock, as reported on the Plan's Form 5500,

27  declined from $2,100,000.00 in 2008 to $1,355,000.00 in 2009, and then to $300,000.00 in 2010.

28      16.     Following 2010, however, Tennyson Electric's business rebounded.  In recent

years, the Company has won bids on major projects and expanded.  At first, the value of the ESOP's company stock reflected the upturn in Tennyson Electric's business. The value of the ESOP's company stock, as reported on the Plan's Form 5500, reached $2,637,000.00 in 2012.

17.     Upon information and belief, in or about 2014, Defendant Michael Tennyson decided to buy out the ESOP.  Defendants manipulated the value of Tennyson Electric stock  to lower share price to their advantage.  Although Tennyson Electric's business remains strong, the last ESOP valuation, as reported on the Plan's 2014 Form 5500, stated that the ESOP's company stock was worth only $100,000.00.

18.     In 2015, Defendants Michael and Catherine Tennyson, or an entity controlled by them, purchased the ESOP's company stock for $100,000.00 and distributed the proceeds to ESOP participants, including Plaintiffs.

19.     Upon information and belief, the valuation used by Defendants for the 2015 transaction included improper discounts, including a minority interest discount even though the ESOP owned 100% of the Company.

20.     Defendants Michael and Cathleen Tennyson caused Tennyson Electric to engage in numerous transactions with related parties, i.e., other companies owned by Michael and Cathleen Tennyson.  These related party transactions were not in the best interests of Tennyson Electric or the ESOP, and improperly favored the interests of the related parties.

21.     Defendants did not provide pension benefit statements or summary annual reports to Plaintiffs for the years 2011 – 2014 within the time limit required by ERISA.  Defendant Michael Tennyson provided Plaintiffs and other ESOP participants with pension benefit statements for the years 2011 – 2014 in November 2015, at the same time Mr. Tennyson informed Plaintiffs and other ESOP participants that the ESOP was being terminated.  Until November 2015, Plaintiffs were unaware of any valuation of the ESOP's company stock after 2010.

22.     Upon information and belief, the Plan's third-party administrator had prepared pension benefit statements for ESOP participants, including Plaintiffs, and provided them to Defendants in a timely manner, but Defendants withheld the statements from Plaintiffs and other

ESOP participants until November 2015.

23.    Upon information and belief, Defendants withheld pension benefit statements from Plaintiffs and other Plan participants to conceal their manipulation of the value of Tennyson Electric stock owned by the ESOP and other fiduciary violations.

24.    Upon information and belief, Defendants Michael and Cathleen Tennyson ignored provisions in Plan documents and the stock purchase agreement requiring the appointment of independent directors and/or ESOP trustees

## VII.    CLASS ACTION ALLEGATIONS

25.    Plaintiffs bring their Claims for Relief for violations of ERISA §§ 502(a) and 502(c), 29 U.S.C. §§ 1132(a) and 1132(c), as a class action pursuant to Fed. R. Civ. P. 23 (a) and (b), on behalf of all persons who were participants in the ESOP from 2010 to 2015 and the beneficiaries of such participants ("Class").  Excluded from the Class are Defendants Michael and Cathleen Tennyson and their children, and legal representatives, successors, heirs, and assigns of any such excluded persons.

26.    The Class Members are so numerous that joinder of all members is impracticable. Plaintiffs are informed and believe, and on that basis allege, that there were approximately 35 participants in the ESOP during the class period and an equal number of beneficiaries of such participants.  Although the exact number and identities of Class Members are unknown to Plaintiffs at this time, this information is easily ascertainable from the Defendants through discovery of their records.

27.    Questions of law and fact common to the Class as a whole include, but are not limited to, the following:

A)    Whether Defendants failed to provide, on an annual basis, Class Members with a Summary Annual Report, pursuant to 29 U.S.C. §§ 1021(a)(2) and 1024(b)(3);

B)    Whether Defendants failed to provide individual statements of vested benefits to Class Members, pursuant to 29 U.S.C. § 1025(a);

C)    Whether Defendants breached their fiduciary duty to the Class to undertake an appropriate and independent investigation of the fair market value of Tennyson

Electric stock in 2015, *inter alia*, by using a stale and unreliable valuation of Tennyson Electric stock for the 2015 transaction and by failing to act in the interests of the ESOP's participants and beneficiaries;

D) Whether the Class received less than fair market value for their Tennyson Electric shares in the 2015 transaction;

E) Whether Trustee Defendants caused the ESOP to engage in a prohibited transaction in the 2015 transaction;

F) The losses suffered by the ESOP and Class members as a result of Defendants' ERISA violations; and

G) The appropriate relief for Defendants' violations of ERISA.

28.    Plaintiffs' claims are typical of those of the Class because their claims arise from the same events, practices and/or course of conduct.

29.    Plaintiffs will fairly and adequately represent and protect the interests of the Class. Plaintiffs have retained counsel competent and experienced in complex class actions, ERISA, and employee benefits litigation.

30.    Class certification of Plaintiffs' First, Second and Third Claims for Relief for violations of ERISA is appropriate pursuant to Fed. R. Civ. P. 23(b)(1) because the prosecution of separate actions by individual Class Members would create a risk of inconsistent adjudications with respect to individual members of the Class which would establish incompatible standards of conduct for Defendants, and/or because adjudications with respect to individual Class Members, as a practical matter, would be dispositive of the interests of the other Class Members not parties to the adjudications or substantially impart or impede their ability to protect their interests.

31.    In addition, class certification of Plaintiffs' First and Second Claims for Relief for violations of ERISA is appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because Defendants have acted or failed to act on grounds generally applicable to the Class, making appropriate declaratory and injunctive relief with respect to Plaintiffs and the Class as a whole.

32.    Class certification of Plaintiffs' Third Claim for Relief for violations of ERISA is appropriate pursuant to Fed. R. Civ. P. 23(b)(3) because a class action is superior to other

1    available methods for the fair and efficient adjudication of this controversy because, *inter alia*,

2    common questions of law and fact exist as to all members of the Class and predominate over any

3    questions solely affecting individual members of the Class, and Plaintiffs envision no difficulty in

4    the management of this litigation as a class action.

5         33.    The names and addresses of the Class Members are available from Defendants.

6    Notice will be provided to all members of the Class as required by Rule 23.

7    **FIRST CLAIM FOR RELIEF**
**[Breach of Fiduciary Duty Under ERISA § 502(a)(2) and (a)(3), 29 U.S.C. § 1132(a)(2) and**
8    **(a)(3), Against All Defendants]**

9         34.    Plaintiffs incorporate the preceding paragraphs as though set forth herein.

10        35.    ERISA § 404(a)(1), 29 U.S.C. § 1104(a)(1), requires that a plan fiduciary

11   discharge his or her duties with respect to a plan solely in the interest of the participants and

12   beneficiaries, (A) for the exclusive purpose of providing benefits to participants and the

13   beneficiaries of the ESOP, (B) with the care, skill, prudence, and diligence under the

14   circumstances then prevailing that a prudent person acting in a like capacity and familiar with

15   such matters would use in the conduct of an enterprise of a like character and with like aims, and

16   (D) in accordance with the documents and instruments governing the plan insofar as such

17   documents and instruments are consistent with ERISA.

18        36.    The fiduciary duty of loyalty entails a duty to avoid conflicts of interest and to

19   resolve them promptly when they occur.  A fiduciary must always administer a plan with an "eye

20   single" to the interests of the participants and beneficiaries, regardless of the interests of the

21   fiduciaries themselves or the plan sponsor.

22        37.    The duties of loyalty under ERISA § 404(a)(1)(A) and prudence under ERISA §

23   404(a)(1)(B) require a fiduciary to undertake an appropriate investigation to determine that the

24   participant receives adequate consideration for the assets in his or her account in the Plan.

25   Pursuant to ERISA § 3(18), adequate consideration for an asset for which there is no generally

26   recognized market, means the fair market value of the asset determined in good faith by the

27   trustee or named fiduciary pursuant to the terms of the plan and in accordance with the

28   Department of Labor regulation

8

38.     ERISA § 409, 29 U.S.C. § 1109, provides, inter alia, that any person who is a fiduciary with respect to a plan and who breaches any of the responsibilities, obligations, or duties imposed on fiduciaries by Title I of ERISA shall be personally liable to make good to the plan any losses to the plan resulting from each such breach, and additionally is subject to such other equitable or remedial relief as the court may deem appropriate, including removal of the fiduciary.

39.     ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2), permits a plan participant to bring an action for relief under ERISA § 409.

40.     ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), permits a plan participant to bring an action to obtain appropriate equitable relief to enforce the provisions of Title I of ERISA or to enforce the terms of a plan.

41.     Defendants were required to undertake an appropriate and independent investigation of the fair market value of Tennyson Electric stock in 2015 in order to fulfill their fiduciary duties, and an appropriate investigation would have revealed the fact that the valuation used for the 2015 transaction did not reflect the fair market value of the ESOP's Tennyson Electric stock.

42.     Defendants breached their duties under ERISA § 404(a)(1), 29 U.S.C. § 1104(a)(1).

43.     ERISA § 410 prohibits agreements that purport to relieve a fiduciary from responsibility or liability for any fiduciary duty. 29 U.S.C. § 1110(a). Specifically, § 410 states that "any provision in an agreement or instrument which purports to relieve a fiduciary from responsibility or liability for any responsibility, obligation, or duty under this part shall be void as against public policy." 29 U.S.C. § 1110(a).

44.     Any indemnification agreement between Defendants, on the one hand, and Tennyson Electric or the ESOP, on the other hand, violates ERISA § 410 and is therefore null and void.

45.     Defendants' acts and omissions caused millions of dollars of losses to the Plan and Class members' accounts in an amount to be proven more specifically at trial.

**SECOND CLAIM FOR RELIEF**
**[Engaging in Prohibited Transaction Forbidden by ERISA § 406, 29 U.S.C. § 1106(a)(1)(B), Against All Defendants]**

46.     Plaintiffs incorporate the preceding paragraphs as though fully set forth herein.

47.     ERISA § 406(a), 29 U.S.C. § 1106(a), requires that a plan fiduciary "shall not cause the plan to engage in a transaction, if he knows or should know that such transaction constitutes a direct or indirect sale or exchange, or leasing of any property between the plan and a party in interest," or a "transfer to, or use by or for the benefit of, a party in interest, of any assets of the plan."

48.     ERISA § 406(b), 29 U.S.C. § 1106(b), mandates that a plan fiduciary shall not "act in any transaction involving the plan on behalf of a party (or represent a party) whose interests are adverse to the interests of the plan or the interests of its participants," or "deal with the assets of the plan in his own interest or for his own account," or "receive any consideration for his own personal account from any party dealing with such plan in connection with a transaction involving the assets of the plan."

49.     ERISA § 408(e), 29 U.S.C. § 1108(e) provides a conditional exemption from the prohibited transaction rules for sale of employer securities to or from a plan if a sale is made for adequate consideration. ERISA § 3(18)(B) defines adequate consideration as "the fair market value of the asset as determined in good faith by the trustee or named fiduciary." ERISA's legislative history and existing case law make clear that ERISA § 3(18)(B) requires that the price paid must reflect the fair market value of the asset, and the fiduciary must conduct a prudent investigation to determine the fair market value of the asset.

50.     Defendants engaged in a prohibited transaction in violation of ERISA §§ 406(a)-(b), 29 U.S.C. §§ 1106(a)-(b), in the 2015 ESOP transaction, and the prohibited transaction did not meet the conditional exemption requirements of ERISA § 408(e), 29 U.S.C. § 1108(e). Defendants failed to ensure that the ESOP received fair market value for the Tennyson Electric stock purchased by Defendants Michael and Cathleen Tennyson, or an entity controlled by Michael and Cathleen Tennyson, in 2015.

51.     ERISA § 409, 29 U.S.C. § 1109, provides, *inter alia*, that any person who is a

fiduciary with respect to a plan and who breaches any of the responsibilities, obligations, or duties imposed on fiduciaries by Title I of ERISA shall be personally liable to make good to the plan any losses to the plan resulting from each such breach, and additionally is subject to such other equitable or remedial relief as the court may deem appropriate, including removal of the fiduciary.

52.    ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2), permits a plan participant to bring a suit for relief under ERISA § 409.

53.    ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), permits a plan participant to bring a suit to obtain appropriate equitable relief to enforce the provisions of Title I of ERISA or to enforce the terms of a plan.

54.    Defendants have caused millions of dollars of losses to the ESOP and Class members' accounts by the prohibited transaction in an amount to be proven more specifically at trial.

**THIRD CLAIM FOR RELIEF**
**[Statutory Penalties - ERISA § 502(c)(1)(A), 29 U.S.C. § 1132(c)(1)(A), Against All Defendants]**

55.    Plaintiffs incorporate the preceding paragraphs as though fully set forth herein.

56.    ERISA § 502(a)(1)(A), 29 U.S.C. § 1132(a)(1)(A), provides that: "A civil action may be brought…by a participant or beneficiary…for the relief provided in subsection (c) of this section."

57.    ERISA § 502(c)(1), 29 U.S.C. § 1132(c)(1),  provides that: "Any administrator…who fails to meet the requirements of section 105(a) of this title with respect to a participant or beneficiary…may in the court's discretion be personally liable to such participant or beneficiary in the amount of up to $100 a day from the date of such failure…and the court may in its discretion order such relief as it deems proper. For purposes of this paragraph, each violation…with respect to any single participant. . . shall be treated as a separate violation."

58.    Title 29 C.F.R. § 2575.502c-1 has increased the maximum civil penalty under ERISA § 502(c)(1), 29 U.S.C. §1132(c)(1), from $100 a day to $110 a day for failing to meet the requirements of ERISA § 105(a), 29 U.S.C. § 1025(a).

1      59.     ERISA § 105(a), 29 U.S.C. § 1025(a), in turn, requires that the administrator of an

2 individual plan provide each participant a pension benefit statement at least once every calendar

3 year.

4      60.     Defendants, as administrators of the Plan, failed to provide pension benefit

5 statements to Plaintiffs or to the Class Members for 2010 – 2014 until November 2015.

6      61.     Defendants are therefore liable to Plaintiffs and the Class for up to $110 a day for

7 each day that each pension benefit statement they are entitled to receive remained outstanding.

8      62.     ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), authorizes a plan participant to bring a

9 civil action (A) to enjoin any act or practice which violates any provision of ERISA or the terms

10 of the plan, or (B) to obtain other appropriate equitable relief (i) to redress violations of ERISA or

11 the terms of the plan or (ii) to enforce any provisions of ERISA or the terms of the plan.

12      63.     ERISA § 404(a)(1), 29 U.S.C. § 1104(a)(1), requires that a plan fiduciary

13 discharge his or her duties with respect to a plan solely in the interest of the participants and

14 beneficiaries, (A) for the exclusive purpose of providing benefits to participants and the

15 beneficiaries of the plan, (B) with the care, skill, prudence, and diligence under the circumstances

16 then prevailing that a prudent person acting in a like capacity and familiar with such matters

17 would use in the conduct of an enterprise of a like character and with like aims, and (D) in

18 accordance with the documents and instruments governing the plan insofar as such documents

19 and instruments are consistent with ERISA.

20      64.     To remedy these violations of ERISA by Defendants, Plaintiffs and the Class also

21 seek injunctive relief and other equitable relief as prayed for below.

22                              **PRAYER FOR RELIEF**

23 WHEREFORE, Plaintiffs pray that the Court grant the following relief:

24 **As to the First Claim for Relief:**

25 A.     Certify this action as a class action pursuant to Fed. R. Civ. P. 23, certify the named

26 Plaintiffs as class representatives and their counsel as class counsel;

27 B.     Declare that Defendants have breached their fiduciary duties to the Plaintiff Class and/or

28 knowingly participated in breaches of fiduciary duty;

           COMPLAINT

C.      Enjoin Defendants from further violations of its fiduciary responsibilities, obligations and duties;

D.      Issue a preliminary and permanent injunction removing Defendants as fiduciaries and Trustees of the ESOP and/or barring Defendants from serving as fiduciaries or Trustees of the ESOP or other pension plans in the future, and appointing a new independent fiduciary as Trustee of the ESOP;

E.      Order that Defendants make good to the ESOP and/or to any successor trust(s) the losses resulting from their breaches and restoring any profits it has made through use of assets of the ESOP;

F.      Order that Defendants provide other appropriate equitable relief to the ESOP, including but not limited to rescission, surcharge, providing an accounting for profits, and imposing a constructive trust and/or equitable lien on any funds wrongfully held by Defendants;

G.      Order the proceeds of any recovery for the Plan to be allocated to the accounts of the Class to make them whole for any injury that they suffered as a result of the breaches of fiduciary duty in accordance with the Court's declaration with respect to the terms of the Plan;

H.      Declare that any indemnification agreement between the Defendants and Tennyson Electric or the ESOP violates ERISA § 410, 29 U.S.C. § 1110, and is therefore null and void;

I.      Award Plaintiffs reasonable attorneys' fees and costs of suit incurred herein pursuant to ERISA § 502(g), 29 U.S.C. § 1132(g), and/or for the benefit obtained for the common fund;

J.      Order Defendant to pay prejudgment interest; and

K.      Award such other and further relief as the Court deems equitable and just.

**As to the Second Claim for Relief:**

A.      Certify this action as a class action pursuant to Fed. R. Civ. P. 23, certify the named Plaintiffs as class representatives and their counsel as class counsel;

B.      Declare that Defendants have breached their fiduciary duties to the Plaintiff Class and/or knowingly participated in breaches of fiduciary duty;

C.      Declare that Defendants engaged in a prohibited transaction in violation of ERISA § 406(a)-(b), 29 U.S.C. § 1106(a)-(b), by causing the ESOP to receive less than adequate

COMPLAINT

consideration in the 2015 ESOP transaction;

D.      Enjoin Defendants from further violations of its fiduciary responsibilities, obligations and duties;

E.      Issue a preliminary and permanent injunction removing Defendants as fiduciaries and Trustees of the ESOP and/or barring Defendants from serving as fiduciaries or Trustees of the ESOP or other pension plans in the future, and appointing a new independent fiduciary as Trustee of the ESOP;

F.      Order that Defendants make good to the ESOP and/or to any successor trust(s) the losses resulting from their breaches and restoring any profits it has made through use of assets of the ESOP;

G.      Order that Defendants provide other appropriate equitable relief to the ESOP, including but not limited to rescission, surcharge, providing an accounting for profits, and imposing a constructive trust and/or equitable lien on any funds wrongfully held by Defendants;

H.      Order the proceeds of any recovery for the Plan to be allocated to the accounts of the Class to make them whole for any injury that they suffered as a result of the breaches of fiduciary duty in accordance with the Court's declaration with respect to the terms of the Plan;

I.      Declare that any indemnification agreement between the Defendants and Tennyson Electric or the ESOP violates ERISA § 410, 29 U.S.C. § 1110, and is therefore null and void;

J.      Award Plaintiffs reasonable attorneys' fees and costs of suit incurred herein pursuant to ERISA § 502(g), 29 U.S.C. § 1132(g), and/or for the benefit obtained for the common fund;

K.      Order Defendant to pay prejudgment interest; and

L.      Award such other and further relief as the Court deems equitable and just.

**As to the Third Claim for Relief:**

      A.      Order Defendants to pay statutory penalties in the amount of $110 per day to each Plaintiff and to each Class Member for each day that each pension benefit statement for the years 2010 – 2014 remained outstanding from the date it was required to be provided through November 3, 2015;

1     B.     Award Plaintiffs and the Class reasonable attorneys' fees and costs of suit incurred

2     herein pursuant to the common fund doctrine and/or ERISA § 502(g), 29 U.S.C.

3     §1132(g); and

4     C.     Provide such other relief as the Court deems equitable and just.

Respectfully Submitted,

Dated:   April 20, 2017             FEINBERG, JACKSON,
WORTHMAN & WASOW LLP

By:   /s/ Daniel Feinberg
       Daniel Feinberg

Daniel Feinberg
FEINBERG, JACKSON,
WORTHMAN & WASOW LLP
383 4th St., Suite 201
Oakland, CA 94607
Telephone: (510) 269-7998
Facsimile: (510) 269-7994
dan@feinbergjackson.com

*Attorneys for Plaintiffs*