1
2
3
4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6
7

MANLEY GOUGH, et al.,

8

Plaintiffs,

9

v.

10

MICHAEL A. TENNYSON, et al.,

11

Defendants.

Case No. 17-cv-2215-PJH

**ORDER DENYING MOTION TO DISMISS**

12
13
14

Defendants' motion to dismiss the first amended complaint ("FAC") came on for

15

hearing before this court on August 9, 2017. Plaintiffs appeared by their counsel Dan

16

Feinberg, and defendants appeared by their counsel Joseph Faucher. Having read the

17

parties' papers and carefully considered their arguments and the relevant legal authority,

18

the court hereby DENIES the motion.

19

**BACKGROUND**

20

This is an ERISA case, filed as a proposed class action. Plaintiffs Manley Gough,

21

John Gouveia, and Curtis Bryant are former employees of defendant Tennyson Electric,

22

Inc. ("Tennyson"), a California corporation headquartered in Livermore, California. FAC

23

¶¶ 6, 10-11. Plaintiffs are/were participants in the Tennyson Electric, Inc. Employee

24

Stock Ownership Plan ("Tennyson ESOP"), an employee benefit plan as defined by

25

ERISA § 3(3), 29 U.S.C. § 1002(3), and an "employee stock ownership plan" within the

26

meaning of ERISA § 407(d)(6), 29 U.S.C. § 1107(d)(6). FAC ¶¶ 2, 6.

27

Defendants Michael A. Tennyson, President and Secretary of Tennyson, and

28

Cathleen W. Tennyson, Vice President of Tennyson, are members of defendant Plan

United States District Court
Northern District of California

1    Committee of the Tennyson ESOP ("Plan Committee"), and are Trustees and fiduciaries

2    of the ESOP.  FAC ¶¶ 7-10.  Tennyson is the sponsor and Administrator of the ESOP,

3    and allegedly delegated its duties as Plan Administrator to the Plan Committee.  FAC

4    ¶ 10.

5         From 2005 to 2015, Tennyson was owned 100% by the Tennyson ESOP, which

6    had purchased it from Michael and Cathleen Tennyson for $7.425 million in a 100%

7    leveraged transaction.  FAC ¶¶ 12-13.  Plaintiffs allege that although the ESOP owned

8    Tennyson from 2005 to 2015, Michael and Cathleen Tennyson continued to exercise

9    "complete control" over the company during that time.  FAC ¶ 14.

10        Tennyson experienced a downturn in work as a result of the 2008 recession.  FAC

11   ¶ 15.  According to Tennyson's Form 5500s filed with the IRS, the value of the ESOP's

12   company stock declined from $2.1 million in 2008 to $1.355 million in 2009, to $300,000

13   in 2010, but then rebounded to $2.637 million in 2012.  FAC ¶¶ 15-16.

14        In 2014, Michael Tennyson decided to buy out the ESOP, and plaintiffs allege that

15   "[d]efendants manipulated the value of the Tennyson stock to lower the share price to

16   their advantage."  FAC ¶ 17.  Plaintiffs assert that while Tennyson's business remains

17   strong, the ESOP valuation reported on the Plan's 2014 Form 5500 stated that the

18   company stock was worth only $100,000.  FAC ¶ 17.

19        In 2015, Michael and Cathleen Tennyson, or "an entity controlled by them,"

20   purchased the ESOP's company stock for $100,000, and distributed the proceeds to the

21   ESOP participants.  FAC ¶ 18.  Plaintiffs claim that the valuation used for this transaction

22   included "improper discounts, including a minority interest discount even though the

23   ESOP owned 100% of the company."  FAC ¶ 19.  They allege that Michael and Cathleen

24   Tennyson also caused Tennyson to engage in "numerous transactions with related

25   parties, i.e., other companies owned by Michael and Cathleen Tennyson[,]" and that

26   these "related party" transactions were not in the best interests of Tennyson or the

27   ESOP.  FAC ¶ 20.

28        Plaintiffs claim that defendants did not provide pension benefit statements or

2

United States District Court
Northern District of California

1  summary annual reports to plaintiffs in the years 2011-2014 as required by ERISA.

2  FAC ¶¶ 21-23.  Thus, plaintiffs assert, they were unaware of any valuation of the ESOP's

3  company stock after 2010.  FAC ¶ 21.  Plaintiffs allege that Michael Tennyson told them

4  he would provide the statements, which had been delayed by accounting issues and

5  needed to be revised, and asked plaintiffs to "trust him."  FAC ¶ 22-23.

6       Plaintiffs allege that in fact, the Plan's third-party administrator had prepared

7  pension benefit statements for ESOP participants, including plaintiffs, and provided them

8  to defendants in a timely manner, but defendants withheld the pension statements from

9  Plan participants in order to conceal their manipulation of the value of Tennyson stock

10  owned by the ESOP, and other fiduciary violations.  FAC ¶¶ 24-26.  Plaintiffs claim that

11  they were unaware of the true state of facts until after they finally received the pension

12  benefit statements in November 2015.  FAC ¶ 27.  Plaintiffs also assert that Michael and

13  Cathleen Tennyson "ignored provisions in Plan documents and the stock purchase

14  agreement requiring the appointment of independent directors and/or ESOP trustees."

15  FAC ¶ 29.

16       Plaintiffs allege that they have been deprived of retirement benefits as a result of

17  violations of ERISA's fiduciary duty rules by the fiduciaries entrusted with overseeing the

18  Plan.  FAC ¶ 1.  Plaintiffs filed the complaint in the present action on April 20, 2017, and

19  filed the FAC on May 12, 2017.  Plaintiffs seek to represent a class of approximately 35

20  participants in the ESOP during the proposed class period, and an equal number of

21  beneficiaries.  FAC ¶ 31.

22       The FAC alleges three causes of action – (1) a claim of breach of fiduciary duty

23  under ERISA §§ 502(a)(2) and 502(a)(3), 29 U.S.C. §§ 1132(a)(2) and 1132(a)(3), arising

24  from defendants' valuation of Tennyson ESOP stock and the implementation of

25  defendants' decision to terminate the Plan; (2) a claim of engaging in a prohibited

26  transaction forbidden by ERISA § 406(a)-(b), 29 U.S.C. § 1106(a)-(b), arising from the

27  2015 transactions whereby Michael and Cathleen Tennyson regained ownership of

28  Tennyson through Tennyson's purchase of the ESOP participants' stock for $100,000,

1   asserting that the transactions constituted "a direct or indirect exchange . . . between the

2   plan and a party in interest" or a party "whose interests are adverse to the interests of the

3   plan or the interests of its participants;" and (3) a claim for statutory penalties under

4   ERISA § 502(c)(1)(A), 29 U.S.C. § 1132(c)(1)(A), based on defendants' alleged failure to

5   provide pension benefit statements for 2011-2014 until November 2015.

6        Defendants now seek an order dismissing the FAC for failure to state a claim.

7   **DISCUSSION**

8   A.    Legal Standard

9        A motion to dismiss under Rule 12(b)(6) tests for the legal sufficiency of the claims

10  alleged in the complaint. Ileto v. Glock, 349 F.3d 1191, 1199-1200 (9th Cir. 2003). A

11  complaint may be dismissed under Rule 12(b)(6) if the plaintiff fails to state a cognizable

12  legal theory, or has not alleged sufficient facts to support a cognizable legal theory.

13  Somers v. Apple, Inc., 729 F.3d 953, 959 (9th Cir. 2013).

14       While the court is to accept as true all the factual allegations in the complaint,

15  legally conclusory statements, not supported by actual factual allegations, need not be

16  accepted. Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009); see also In re Gilead Scis.

17  Secs. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008). The complaint must proffer sufficient

18  facts to state a claim for relief that is plausible on its face. Bell Atlantic Corp. v. Twombly,

19  550 U.S. 544, 555, 558-59 (2007) (citations and quotations omitted).

20       A claim has facial plausibility when the plaintiff pleads factual content that allows

21  the court to draw the reasonable inference that the defendant is liable for the misconduct

22  alleged. See Iqbal, 556 U.S. at 678-79. Where dismissal is warranted, it is generally

23  without prejudice, unless it is clear the complaint cannot be saved by any amendment.

24  Sparling v. Daou, 411 F.3d 1006, 1013 (9th Cir. 2005).

25       Review is generally limited to the contents of the complaint, although the court can

26  also consider a document on which the complaint relies if the document is central to the

27  claims asserted in the complaint, and no party questions its authenticity. See Sanders v.

28  Brown, 504 F.3d 903, 910 (9th Cir. 2007). That is, the court may consider matters that

United States District Court
Northern District of California

1 are properly the subject of judicial notice, Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir.

2 2005); Lee v. City of L.A., 250 F.3d 668, 688-89 (9th Cir. 2001), and may also consider

3 exhibits attached to the complaint, see Hal Roach Studios, Inc. v. Richard Feiner & Co.,

4 Inc., 896 F.2d 1542, 1555 n.19 (9th Cir. 1989), and documents referenced in the

5 complaint that form the basis of a the plaintiff's claims. See No. 84 Emp'r-Teamster Jt.

6 Counsel Pension Tr. Fund v. Am. W. Holding Corp., 320 F.3d 920, 925 n.2 (9th Cir.

7 2003).

8 B.    Defendants' Motion

9      Defendants argue that the first two causes of action should be dismissed because

10 the facts as pled do not state a claim under ERISA.  They assert that contrary to the

11 description of the structure of the ESOP's termination in the FAC, the governing plan

12 documents for the ESOP show that the ESOP was first terminated, and that the shares

13 were then distributed from the ESOP to Plan Participants.  Thus, they assert, at the time

14 of the sale of the shares, the shares were no longer ERISA Plan assets, and that their

15 fiduciary role ended with the termination of the ESOP.

16     Defendants argue that because the shares were no longer Plan assets at the time

17 of the sale, it was the Internal Revenue Code ("IRC") – not ERISA – which supplied the

18 applicable law.  They argue that pursuant to IRC § 409(h)(2), the participants' shares

19 could immediately be repurchased under a "fair valuation" formula.  They argue further

20 that while the IRC is similar to ERISA in that it sets forth requirements for employee

21 benefit plans, the IRC does not provide for a private right of action, and thus, plaintiffs

22 cannot bring a claim to enforce the IRC's "fair valuation" requirement.

23     Defendants contend that the second cause of action (claim of "prohibited

24 transactions") should be dismissed for the further reason that there are no facts pled that

25 satisfy the requirements of § 406(a) and/or § 406(b).  Specifically, defendants argue,

26 there are no facts pled showing any sale or exchange of property between the ESOP and

27 a "party in interest," nor showing that any fiduciary dealt with any assets of the Plan in his

28 or her own interest or for his or her own account.

5

1    The court finds that the first and second causes of action raise factual issues that

2    cannot be resolved in the absence of a fully developed record.  For example, plaintiffs are

3    in essence challenging the methods used in valuing the company and its shares.

4    Assuming ERISA does apply, rather than the IRC – which is not clear at this stage of the

5    litigation – the court has no ability to resolve the dispute without an evidentiary record.

6    As for the third cause of action, defendants contend that Tennyson is the only

7    proper defendant, and as Plan Administrator can be liable for the relief provided under

8    ERISA § 502(c)(a)(A).  In addition, they argue that this claim should be dismissed to the

9    extent it is based on alleged failures to timely distribute pension benefit statements for the

10   years 2010 through 2013, on statute of limitations grounds.  They concede that the claim

11   as to the 2014 statements is not time-barred.

12   The court finds either that the claims are timely, or that plaintiffs have pled the

13   conditions necessary for the application of equitable estoppel, at least for purposes of the

14   present motion.  As for defendants' argument that this cause of action can be asserted

15   only against Tennyson, this issue cannot be decided on a motion to dismiss because

16   factual issues remain with regard to the identity of the Plan Administrator during the

17   relevant period, and with regard to the Plan Administrator's alleged delegation of duties to

18   the Plan Committee and its members.

19   The motion is DENIED.  The court finds that plaintiffs' claims raise factual issues

20   that cannot be resolved in the absence of a fully-developed record.

21                                          **CONCLUSION**

22   In accordance with the foregoing, defendants' motion to dismiss the FAC for failure

23   to state a claim is DENIED.

24

25   **IT IS SO ORDERED.**

26   Dated:  September 28, 2017

27                                          _____

                                            PHYLLIS J. HAMILTON
28                                          United States District Judge

                                            6