# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MANLEY GOUGH, CURTIS BRYANT, and JOHN GOUVEIA,<br><br>        Plaintiffs,<br><br>v.<br><br>MICHAEL A. TENNYSON, CATHLEEN W. TENNYSON, TENNYSON ELECTRIC, INC., and PLAN COMMITTEE FOR TENNYSON ELECTRIC, INC. EMPLOYEE STOCK OWNERSHIP PLAN,<br><br>        Defendants | Civ. A. No. 4:17-cv-02215-PJH |

## CLASS ACTION SETTLEMENT AGREEMENT

172096.v3

## TABLE OF CONTENTS

RECITALS .................................................................................................................... 1

I.      DEFINITIONS.................................................................................................. 3

II.     CLASS CERTIFICATION............................................................................... 7

III.    CLASS NOTICE .............................................................................................. 8

IV.     SETTLEMENT FUND..................................................................................... 10

V.      DISTRIBUTIONS FROM THE SETTLEMENT FUND................................. 13

VI.     PLAN OF ALLOCATION .............................................................................. 15

VII.    SETTLEMENT ADMINISTRATION ............................................................ 16

VIII.   PAYMENT OF FEES, SERVICE AWARDS, AND REIMBURSEMENT OF
        COSTS AND EXPENSES................................................................................ 19

IX.     NO ADMISSION OF WRONGDOING .......................................................... 20

X.      PRELIMINARY APPROVAL ORDER .......................................................... 21

XI.     CONDITIONS OF SETTLEMENT ................................................................ 24

XII.    INDEPENDENT FIDUCIARY ....................................................................... 25

XIV.    RELEASES....................................................................................................... 26

XV.     EFFECT OF DISAPPROVAL, CANCELLATION OR TERMINATION ..................... 28

XVI.    MISCELLANEOUS PROVISIONS................................................................. 29

172096.v3

## INTRODUCTION

Subject to approval by the United States District Court for the Northern District of California, this Class Action Settlement Agreement is made and entered into by and among Plaintiffs Manley Gough, Curtis Bryant and John Gouveia, individually and on behalf of the Class, and Defendants Michael A. Tennyson, Cathleen W. Tennyson, Tennyson Electric, Inc. and Plan Committee of the Tennyson Electric, Inc. Employee Stock Ownership Plan, to settle claims against Defendants, subject to the terms and conditions below. All capitalized terms will have the meaning ascribed thereto in Section I of this Agreement.

## RECITALS

WHEREAS, on April 20, 2017, Plaintiffs initiated a class action lawsuit, docketed as Case No. 3:17-cv-02215-PJH in the United States District Court for the Northern District of California, asserting claims on behalf of themselves and a purported class of participants of the ESOP for alleged violations of ERISA;

WHEREAS, on June 29, 2017, Defendants responded to the First Amended Complaint by filing a motion to dismiss (ECF 18), which the Court denied by Order dated September 28, 2017 (ECF 36);

WHEREAS, Plaintiffs and Defendants conducted arms-length negotiations at a mediation session with Robert Meyer, an experienced mediator with JAMS, and executed a written Memorandum of Understanding on January 10, 2018;

WHEREAS, as part of the discovery and prior to mediation and the execution of the Memorandum of Understanding, Defendants provided Class Counsel with certain discovery regarding the facts and claims asserted in the Action;

1

WHEREAS, Plaintiffs served document subpoenas on third parties and reviewed thousands of pages of documents produced by third parties in the course of discovery in the Action;

WHEREAS, to the best of their knowledge and belief, Defendants believe that the information and data provided in discovery regarding the members of the Class and their accounts in the ESOP was materially accurate;

WHEREAS, as a result of the factual investigation and legal research conducted by Class Counsel concerning the claims asserted in the Action and discovery, Class Counsel have concluded that the terms of this Settlement are fair, reasonable, adequate and in the best interests of the Class defined in the Amended Complaint, and have agreed to settle the Action on the terms set forth herein;

WHEREAS, Defendants deny the material allegations asserted in the Action; deny any wrongdoing or liability whatsoever; and state that they are entering into the Settlement solely to avoid the cost, disruption, and uncertainty of litigation;

WHEREAS, the Parties desire to promptly and fully resolve and settle with finality all of the claims on the terms set forth herein and subject to the approval of the Court;

WHEREAS, each of the undersigned counsel represent that their respective clients have been informed of and consent to the provisions set forth below;

NOW, THEREFORE, the Parties, in consideration of the promises, covenants and agreements herein described, and for other good and valuable consideration, acknowledged by each of them to be satisfactory and adequate, and without any admission or concession as to any matter of fact or law, and intending to be legally bound, do hereby agree as follows:

2

## I.    DEFINITIONS

As used in this Agreement, the following terms have the following meanings, unless a section or subsection of this Agreement specifically provides otherwise. Capitalized terms used in this Agreement, but not defined in this Section I, will have the meaning ascribed to them elsewhere in this Agreement.

A.    "Action" means the above-captioned putative class action pending in this Court.

B.    "Cash Settlement Amount" means one million seven hundred and fifty thousand dollars ($1,750,000.00) to be paid by or on behalf of Defendants, described in Section IV below.

C.    "Class" means the Class defined as follows: "All persons who were Tennyson Electric, Inc. Employee Stock Ownership Plan participants with account balances as of October 2015 excluding Michael A. Tennyson, Cathleen W. Tennyson and Matthew Tennyson, and the beneficiaries of such participants." A list of participant Class members is attached hereto as Exhibit 1 and incorporated by reference.

D.    "Class Counsel" means Feinberg, Jackson, Worthman & Wasow LLP.

E.    "Class Member" means an individual who is a member of the Class.  Where applicable, such as with regard to notice and payment provisions of this Settlement Agreement, this term shall apply to either the Participant, the beneficiaries of such participants, or the Alternate Payee, whomever of which is to receive an allocation of the Cash Settlement Amount.

F.    "Class Notice" means the form of notice provided to the Class Members that complies with the requirements of Section III in this Agreement, Rule 23, and as approved by the Court.

G.    "Class Representatives" mean Plaintiffs.

3

H.      "Complaint" means the Amended Complaint (ECF 8) and any subsequent operative complaints filed in this Action.

I.      "Court" means the United States District Court for the Northern District of California.

J.      "Defendants" mean Michael A. Tennyson, Cathleen W. Tennyson, Tennyson Electric, Inc., and the Plan Committee for the Tennyson Electric, Inc. Employee Stock Ownership Plan.

K.      "Defense Counsel" means Trucker Huss, APC.

L.      "Excluded Persons" means the following persons who are excluded from the Class: (a) Defendants Michael A. Tennyson and Cathleen W. Tennyson; (b) Matthew Tennyson; and (c) legal representatives, successors-in-interest, heirs, assigns and trusts of any such excluded persons.

M.      "ERISA" means the Employee Retirement Income Security Act of 1974, as amended.

N.      "Escrow Account" an account established by Class Counsel in the name of Tennyson Electric, Inc. ESOP Litigation Settlement Fund into which the Cash Settlement Amount payment due prior to Final Approval is to be paid.

O.      "Expense Award" will have the meaning set forth in Section VIII of this Agreement.

P.      "Fee Award" will have the meaning set forth in Section VIII of this Agreement.

Q.      "Final Approval Motion" means the motion to be filed by Class Counsel requesting that the Court grant final approval of the Settlement pursuant to Fed. R. Civ. P. 23(e).

4

R.      "Final Order" means the Order and Final Judgment, substantially in the form of an Order described in Section XI below.

S.      "Independent Trustee" means Miguel Paredes of Prudent Fiduciary Services, LLC, or such other person appointed by the Court.

T.      "Memorandum of Understanding" means the agreement fully executed on January 10, 2018, signed by Plaintiffs and Defendants.

U.      "Net Settlement Amount" means the amount remaining of the Cash Settlement Amount and interest thereon after payment, as approved by the Court, of (i) Class Counsel's fees and costs (including attorneys' fees, consultants' fees, expert witness fees, and litigation expenses and costs), and (ii) any Class representative service awards.

V.      "Non-Appealable" means an order entered by the Court is no longer subject to appeal, which will occur when: (i) if no appeal is taken therefrom, on the date on which the time to appeal therefrom (including any extension of time) has expired; or (ii) if any appeal is taken therefrom, on the date on which all appeals therefrom, including any petitions for rehearing or re-argument, petitions for rehearing *en banc*, and petitions for writ of *certiorari* or any other writ, or any other form or review, have been finally disposed of, such that the time to appeal therefrom (including any extension of time) has expired, in a manner resulting in an affirmance of the Final Order.

W.      "Plan of Allocation" means the plan for distribution of the proceeds of the Cash Settlement Amount as proposed by Class Counsel. The Plan of Allocation is to allocate the Net Settlement Amount to Class Members' accounts in the Tennyson Amended Employee Stock Ownership Plan based on each Class Member's shares in the Tennyson ESOP as of October 2015.

5

X.     "Preliminary Approval Order" means the "Order Preliminarily Approving Settlement, Approving Form of Notice, and Setting Final Approval Hearing" in this Action, substantially in the form described in Section X.

Y.     "Plaintiffs" means Manley Gough, Curtis Bryant and John Gouveia.

Z.     "Plaintiffs' Counsel" means Class Counsel.

AA.     "Service Awards" will have the meaning set forth in Section VIII of this Agreement.

BB.     "Settled Class Claims" means the claims that the Class will release pursuant to this Settlement as provided in Section XIII.

CC.     "Settlement" means the settlement and compromise of this Action as provided for in this Settlement Agreement.

DD.     "Settlement Administrator" means the person whom Defense Counsel and Class Counsel may hire, subject to Court approval, who is to be responsible for, among other things, providing Class Notice to Class Members and/or otherwise assisting with the administration of the Settlement.

EE.     "Settlement Agreement" means this Class Action Settlement Agreement and any accompanying Exhibits, including any subsequent amendments thereto and any Exhibits to such amendments.

FF.     "Settlement Fund" means the Cash Settlement Amount plus any earnings and interest thereon, minus any Court-approved deductions and expenses.

GG.     "Settling Parties" or "Parties" means Plaintiffs, on behalf of themselves and the Class and the Defendants.

6

172096.v3

HH.    "Tax" or "Taxes" means any and all taxes, fees, levies, duties, tariffs, imposts, and other charges of any kind (together with any and all interest, penalties, additions to tax and additional amounts imposed with respect thereto) imposed by any governmental authority, including income tax and other taxes and charges on or regarding franchises, windfall or other profits, gross receipts, property, sales, use, capital stock, payroll, employment, social security, workers' compensation, unemployment compensation, or net worth; taxes or other charges in the nature of excise, withholding, *ad valorem*, stamp, transfer, value added or gains taxes; license, registration and documentation fees; and customs' duties, tariffs, and similar charges.

II.    "Tennyson" means Tennyson Electric, Inc.

JJ.    "Tennyson Amended Employee Stock Ownership Plan" means a qualified retirement plan which shall be formed and adopted for the exclusive purpose of carrying out the provisions of this Settlement Agreement.

KK.    "Tennyson ESOP", "ESOP", or the "Plan" means the Tennyson Electric, Inc. Employee Stock Ownership Plan.

LL.    "Termination Notice" will have the meaning set forth in Section XIV of this Settlement Agreement.

## II.    CLASS CERTIFICATION

1.    **Class Certification Motion.** Plaintiffs will seek to certify the Class pursuant to Rule 23(b)(1) and/or (b)(2). Defendants will file a statement of non-opposition to the proposed Class as a settlement class.

2.    **Parties' Cooperation.** The Parties will cooperate and each use their best reasonable efforts to obtain certification of a mandatory settlement class under Rule 23(b)(1) and/or Rule 23 (b)(2).

7

3.      **Defendants' Non-Opposition.** The Defendants will not object to or oppose final certification of the Class at the Court or on any appeal concerning the approval of this Settlement.

III.   **CLASS NOTICE**

1.      **Provision of Class Notice.** Upon the Court's preliminary approval of this Settlement Agreement or by the date specified by the Court, the Settlement Administrator will be responsible for providing Class Notice to the Class Members.

2.      **Contents.** The Class Notice will contain a brief description of the claims advanced by the Class, a summary of the terms of the Settlement Agreement, information on the attorneys' fees and costs sought by Class Counsel, describe the proposed Plan of Allocation of the Settlement Fund to the Class, the estimated settlement allocation for the Class Member, and provide information about the Final Approval Hearing, in the form approved by the Court.

3.      **Method of Providing Class Notice.** Class Notice will be provided to each individual Class Member by mailing via first class U.S. Mail to all Class Members, and (b) by posting the Class Notice on websites maintained by Class Counsel and the Settlement Administrator. Defendants will cooperate with Class Counsel to facilitate providing Class Notice and other settlement-related communications by providing any known mailing addresses for all Class Members, to the extent such information is reasonably available in the records of Defendants.

4.      **Additional Information Provided with the Class Notice.** Along with the Class Notice, every Class Member will be provided with any necessary information or forms to elect a distribution or rollover of his or her share of the Settlement Fund from his/her Account in the Tennyson Amended Employee Stock Ownership Plan. Any Class Member will be entitled to

8

172096.v3

request and receive the necessary forms to elect a distribution of his or her share of the Settlement Fund.

5. **Settlement Administrator.** Class Counsel and Defendants have preliminarily agreed that Dahl Administration LLC ("Dahl") may serve as the Settlement Administrator, subject to an appropriate engagement agreement and approval by the Court. Should Dahl not be retained or approved to serve as the Settlement Administrator, Class Counsel and Defendants will attempt to reach agreement about the recommended Settlement Administrator, but in the absence of such agreement, Class Counsel and Defendants will each propose one settlement administrator and the Court will decide which settlement administrator to appoint. For any settlement administrator chosen or appointed, both Class Counsel and Tennyson will be designated as the client. The Parties and their counsel will reasonably cooperate with the Settlement Administrator to facilitate providing Notice and other settlement-related communications and administration.

6. **Undeliverable Notices.** In the event that a Class Notice sent by U.S. Mail is returned as undeliverable, the Settlement Administrator will make reasonable efforts to obtain a valid mailing address and promptly resend the Class Notice to the Class Member by U.S. Mail.

7. **Class Data.** Within 21 days after this Settlement Agreement is executed, Defendants will, to the extent not already disclosed, provide Class Counsel and the Settlement Administrator with the following contact information in electronic form for each Class Member, to the extent such information is reasonably available in Defendants' files: (1) name; (2) street mailing address; (3) telephone number(s); (4) Social Security number; (5) sufficient information identifying the beneficiary, if any, of the Class Member (including any person who has a QDRO) for each participant Class Member; and (6) the amount of shares held and liquidated in each

9

Class Member's individual ESOP account in October 2015. Defendants will also provide other information reasonably requested by Class Counsel or the Settlement Administrator. Class Counsel agrees to use the information to be provided pursuant to this paragraph only for purposes of carrying out this Settlement Agreement, shall take any and all steps reasonably necessary to maintain that information as strictly confidential, and will not distribute that information to any person other than the Independent Trustee, the Settlement Administrator, or Class Members (but only as to a Class Member's own information).

        8.    **Class Notice Costs and Expenses.** All costs and expenses for the Settlement Administrator will be paid by Defendants.

        9.    **Declaration Regarding Class Notice**. Within 30 days after the date on which Notice is required to be sent, the Settlement Administrator will file a declaration with the Court confirming that the Notice and related information was sent in accordance with the Preliminary Approval Order.

## IV.   SETTLEMENT FUND

        1.    **Payment of Cash Settlement Amount into Escrow Account.** As settlement of the Class' claims, Defendants will pay, or cause to be paid, the Cash Settlement Amount of one million seven-hundred and fifty thousand dollars ($1,750,000.00) on the following schedule. Defendants will pay $300,000.00 into the Escrow Account within fourteen (14) days of preliminary approval. Defendants will pay an additional $300,000.00 into Escrow Account within fourteen (14) days of entry of the Final Order. The funds paid into the Escrow Account, after deductions for attorneys' fees, litigation expenses and Service Awards, will be transferred to the trust account of the Tennyson Amended Employee Stock Ownership Plan upon the Settlement becoming Non-Appealable. Defendants will make equal installment payments to

10

the Tennyson Amended Employee Stock Ownership Plan for the remaining balance of the

Settlement Amount on the last day of each calendar quarter between the entry of the Final Order

and December 31, 2019. Defendants may accelerate settlement payments without penalty.

      2.    **Consequences of Default.** If any payment in Section IV.1 or part of any

payment in Section IV.1 is overdue, then Plaintiffs can send written notice of default to Defense

Counsel. If Defendants do not cure the default within thirty (30) days of such written notice, the

entire Cash Settlement Amount shall be due immediately without any credit for amounts already

paid. Plaintiffs will be entitled to enter a stipulated judgment equal to the Cash Settlement

Amount. A copy of the stipulated judgment is attached hereto as Exhibit 2 and incorporated by

reference.

      3.    **Liens.** Within fourteen (14) days of entry of the Preliminary Approval

Order, Defendants Michael and Cathleen Tennyson will execute documents necessary to create

liens to be recorded in the appropriate counties secured by deeds of trust creating a security

interest in favor of Plaintiffs, the Class Members and Class Counsel in the residences and

properties owned by the Tennyson Family Trust at 6 Sanderling Circle, Pajaro Dunes, CA, 2245

Sevillano Court, Livermore, CA, and 0 Hansen Drive, Livermore, CA (the "Liens"). The Liens

shall be voided only if Defendants make full payment of the Settlement Amount. In the event of

a default, the liens shall be enforceable by Plaintiffs on behalf of the Class through Class

Counsel or other authorized representatives. Defendants Michael and Cathleen Tennyson hereby

represent and warrant that the only liens currently encumbering these properties are listed in

Exhibit 3. Defendants Michael and Cathleen Tennyson hereby represent and warrant that no

additional liens shall encumber these properties senior in priority to the Liens from the time the

Liens are recorded until such time as the Settlement Amount is satisfied in full. Class Counsel

11

shall promptly take any and all steps reasonably necessary to fully release the liens provided for in this paragraph upon full payment of the Settlement Amount.

4.   **Custody of Settlement Fund.** The Settlement Fund held in the Escrow Account will be deemed to be in the custody of the Court and will remain subject to the jurisdiction of the Court and will be administered in accordance with the terms of this Settlement Agreement and the Orders of the Court. Except as provided herein, the Settlement Fund will not be released from the Escrow Account until the Final Order becomes Non-Appealable or the Settlement is terminated in accordance with this Agreement.

5.   **Management of the Settlement Fund.** Until the Final Order becomes Non-Appealable or until the Settlement is terminated in accordance with this Agreement, the Settlement Fund will be held in the Escrow Account established by Class Counsel, for which an Escrow Agent will act pursuant to the terms of the respective Escrow Agreement or as ordered by the Court. After the Final Order becomes Non-Appealable, Class Counsel will have the sole right and duty to manage the Settlement Fund in compliance with the terms of the Final Order. At no time will Defendants have any duty or authority to hold, manage, or invest any portion of the Settlement Fund. After receipt of the Settlement Fund by the Tennyson Amended Employee Stock Ownership Plan, the Settlement Fund will be held, managed, and invested by the Independent Trustee consistent with this Agreement. Any earnings or interest earned by the Settlement Fund will become part of the Settlement Fund.

6.   **Qualified Settlement Fund.** The Settlement Fund is intended by the Settling Parties to be a "qualified settlement fund" for federal income tax purposes under Treas. Reg. § 1.468B-1 at the earliest date possible.

12

      7.     **Restorative Payment.** The Net Settlement Amount shall be a restorative payment pursuant to Rev. Rul. 2002-45.

## V.    DISTRIBUTIONS FROM THE SETTLEMENT FUND

      1.     **Attorneys' Fees, Expenses/Costs and Service Awards.** Pursuant to any deadline set by the Court, Class Counsel may file a motion with the Court requesting the payment of attorneys' fees, reimbursement of litigation expenses and costs, and/or service awards to the Class Representatives out of the Settlement Fund. Any amounts awarded by the Court will be paid from the Settlement Fund as directed by Class Counsel before contribution to the Tennyson Amended Employee Stock Ownership Plan or Distribution to the Class.

      2.     **Tax Reserve After the Effective Date**: Upon the Final Order becoming Non-Appealable, Class Counsel will be authorized to establish a reserve from the Settlement Fund to pay any Taxes that are or will be owed (but not yet due) and for expenses related to payment of Taxes or filing of tax returns or to the extent that there are other costs of administration of the Settlement not paid by Defendants.

      3.     **Distribution to the Tennyson Amended Employee Stock Ownership Plan Accounts of the Class.** After the Final Order becomes Non-Appealable, the Settlement Fund will be distributed to Class Members pursuant to the Court-approved Plan of Allocation after payment of the following: (a) any Taxes on the income or earnings by the Settlement Fund, any tax-related expenses, and the creation of any reserve for future expenses (as described above); and (b) any award of attorneys' fees, reimbursement of any litigation expenses and costs to Class Counsel, or payment of any Service Award to the Class Representatives. After deduction of the foregoing, the Settlement Fund will be remitted to the Tennyson Amended

13

Employee Stock Ownership Plan to be allocated and/or distributed to the Class Members in accordance with the Plan of Allocation, and as directed by the Independent Trustee.

      4.    **Distributions of the Settlement from the Tennyson Amended Employee Stock Ownership Plan to the Class.**  The Independent Trustee or a third-party administrator acting upon the Independent Trustee's instructions, will make distributions to Class Members as follows:

      (a)    Class Members will have the option to elect a distribution or a rollover on December 31, 2018 and/or December 31, 2019, or as soon thereafter as administratively feasible.

      (b)    To make an election for distribution or rollover from the Tennyson Amended Employee Stock Ownership Plan, a Class Member will need to complete an election form, which will remain valid, unless modified by the Class Member, for purposes of distributing the Class Member's share of the Net Settlement Amount.

      5.    **Costs and Expenses Related to Administration & Distribution.** Defendants will bear any costs and expenses of administration of the Settlement, including any costs relating to distribution the Settlement, the allocation of the net proceeds of the Settlement Fund to the Class Members' Tennyson Amended Employee Stock Ownership Plan accounts, and the Independent Trustee's fees and expenses.  The Tennyson Amended Employee Stock Ownership Plan will not charge any fees to Class Members for processing a distribution or rollover of a Class Member's allocable share of the net proceeds of the Settlement Fund. To the extent that the Tennyson Amended Employee Stock Ownership Plan or some service provider of

14

that Plan imposes a charge for distribution of funds to participants in that Plan, the costs of distribution of any portion of the Settlement Fund will be borne by Defendants.

      6.    **Tax Liability.** The Settling Parties will not have any liability or responsibility for the payment of any Taxes incurred by or with respect to the Settlement Fund, and any such Taxes will be paid out of the Settlement Fund.

## VI.    PLAN OF ALLOCATION

      1.    **Proposed Plan of Allocation.** Class Counsel will propose and submit the Plan of Allocation to the Court as the recommended method of determining and distributing the proceeds of the Settlement Fund (net of attorneys' fees, expenses, and any Service Awards approved by the Court) to members of the Class.

      2.    **Defendants' Non-Involvement.** Defendants will have no responsibility for preparing or any right to provide input into and will take no position on the Plan of Allocation.

      3.    **Modification of Plan of Allocation.** In the event that the proposed Plan of Allocation is rejected or modified by the Court or on appeal, such rejection or modification will not constitute a material modification of this Settlement Agreement, will not void this Settlement Agreement, and will not provide a basis for any party to withdraw from this Settlement Agreement, except that the Plan of Allocation must exclude the Excluded Persons from receiving any distribution or allocation from the Settlement Fund.

      4.    **Excluded Persons Prohibited From Receiving Settlement Fund.** None of the Excluded Persons will either directly or indirectly receive any of the proceeds from this Settlement. Defendants Michael A. Tennyson and Cathleen W. Tennyson and their son, Matthew Tennyson, acknowledge that they will not receive any allocation of any amount from this

15

Settlement and further agree to obtain, if necessary, an authorization from any beneficiary (including a spouse) necessary to forego any such allocation.

     5.   **No Claim Based on Distribution in Accordance with the Plan of Allocation.** The Class will not have any claim against Plaintiffs, the Tennyson Amended Employee Stock Ownership Plan, Defendants, or counsel to any of the foregoing, including any of the individuals involved in the distribution under the Plan of Allocation, based on any distributions of the Settlement Fund made substantially in accordance with this Settlement Agreement or as authorized by the Court.

## VII.   SETTLEMENT ADMINISTRATION

     1.   **Appointment of Settlement Administrator.** A Settlement Administrator who will be approved by the Court will be appointed to administer the Settlement and will report to Class Counsel and the Court. Any Settlement Administrator will have experience providing notice to Class Members in employment or employee benefit class action settlements.

     2.   **Settlement Administrator's Responsibilities.** The Settlement Administrator will undertake the following tasks to administer this Settlement consistent with the terms of this Settlement, the Plan of Allocation, and the Orders of the Court and such other procedures required by the Court or as jointly directed by Class Counsel and Defense Counsel:

     (a)   Print and email and/or mail the Class Notice Packet to the Class Members in accordance with this Settlement Agreement and any order of the Court and undertake to trace and re-mail all undeliverable Notice Packets or other reasonable steps to locate missing Class Members;

     (b)   Provide Class Counsel and Defense Counsel with copies of all written objections to the Settlement Agreement, and/or all challenges to Defendants' data,

16

including all information submitted in support of each challenge;

(c)    Provide Counsel for the Settling Parties with copies of any objections to the Settlement (to the extent such objections are not filed with the Court);

(d)    Respond to questions from Class Members or refer Class Members to Class Counsel for responses;

(e)    Maintain and staff a toll-free phone number and a web site until at least six (6) months after distributions of the Settlement Fund have been made to Class Members' Tennyson Amended Employee Stock Ownership Plan accounts;

(f)    File with the Court a declaration confirming compliance with the procedures approved by the Court for providing notice to the Class;

(g)    Monitor the Qualified Settlement Fund and file all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including without limitations the returns described in Treas. Reg. Section 1.468B-2(k)); and

(h)    Any other responsibilities set forth in this Agreement; and any other responsibilities agreed to by the Settling Parties related to administration of the Settlement and consistent with the orders of the Court or any other responsibilities ordered by the Court.

3.    **Independent Trustee.** The Independent Trustee will be responsible for allocating the settlement payments to the Class Members' Tennyson Amended Employee Stock Ownership Plan accounts and distributing the settlement payments to the Class Members or making rollovers as directed by Class Members. The Independent Trustee will provide a declaration certifying that the Independent Trustee has at least $5 million in fiduciary liability insurance coverage. The Independent Trustee will comply with the instructions by Class Counsel

17

about the amounts to allocate to Class Members and neither Defendants nor the Independent

Trustee will have any input as to how the Cash Settlement Amount is allocated among Class

Members. The Parties will provide documents and information to the Independent Trustee upon

request to assist the Independent Trustee in performing its duties. The Independent Trustee will

be the named fiduciary of the Net Settlement Amount received by the Tennyson Amended

Employee Stock Ownership Plan. The Independent Trustee will provide no tax advice to Class

Members and shall make no representation regarding the tax consequences of any such

distributions.

4.   **Administration Costs.** Defendants will bear all administration costs of

implementing the Settlement, including costs related to providing Class Notice or for the

Independent Fiduciary, Independent Trustee and the Settlement Administrator. No part of the

Settlement Fund will be used to pay for or reimburse any costs incurred by Defendants (or their

affiliates) or the Tennyson Amended Employee Stock Ownership Plan related to administration

of this Settlement. In the event that the Settlement is not approved or approval is reversed on

appeal, no portion of such costs will be reimbursable to Defendants or the Tennyson Amended

Employee Stock Ownership Plan by Plaintiffs, the Class or Class Counsel.

5.   **Prohibition on Assessment of Expenses to the Class.** The accounts of

the Class Members in the Tennyson Amended Employee Stock Ownership Plan will not be

charged or assessed any amount by Defendants (or their service providers) for any of the

following: (1) payment of the Cash Settlement Amount, (2) expenses related to administration or

implementation of this Settlement, or (3) expenses incurred in allocating or distributing any

amounts paid into the Tennyson Amended Employee Stock Ownership Plan or to the Class

Members (or according to their distribution elections).

18

172096.v3

## VIII.  PAYMENT OF FEES, SERVICE AWARDS, AND REIMBURSEMENT OF COSTS AND EXPENSES

      1.    **Attorneys' Fees & Expenses From the Settlement Fund.** Class Counsel will be entitled to file a motion seeking an award of attorneys' fees and reimbursement of expenses and costs from the Settlement Fund. Prior to the deadline for Class Members to object to the Settlement Agreement, Class Counsel will file a motion with the Court for an award from the Settlement Fund of: (a) attorney's fees (the "Fee Award"), (b) service awards for Plaintiffs ("Service Awards"), and (c) reimbursement of litigation costs and expenses (the "Expense Award"). Any Fee Award, Expense Award or Service Award will be paid solely from the Settlement Fund and is subject to the Court's approval at the Final Approval Hearing.

      2.    **Defendants' Non-Opposition.** Defendants and their counsel will take no position regarding the application for or an award of the Fee Award, the Service Awards, or the Expense Award, provided that the application for the Fee Award does not exceed 25% of the Cash Settlement Amount, the reimbursement for litigation costs and expenses does not exceed $25,000.00, and the requested Service Awards do not exceed $5,000.00 for each Class Representative.

      3.    **Payment of Fees/Expenses to Class Counsel.** All amounts to be paid pursuant to this Section will be paid into an account designated by Class Counsel.

      7.    **Timing of Payment of Attorneys' Fees and Reimbursement of Expenses.** In the event that this Court grants any request for attorneys' fees, reimbursement of expenses or a Service Award as part of or at the same time as Final Judgment, disbursement of such payments may be made only upon the Final Order becoming Non-Appealable. In the event that there is no appeal of the Final Judgment of the Settlement, but an appeal solely of an award

19

of attorneys' fees, reimbursement of expenses or any service award, Class Counsel will be entitled to a disbursement from the Settlement Fund of such amount of attorneys' fees and/or such amount of expenses/costs as to which there is no appeal. Class Counsel will be paid the percentage of the common fund awarded by the Court as the Fee Award from the Settlement Fund upon the Final Order becoming Non-Appealable and then the same percentage from each subsequent installment payment. Class Counsel's Expense Award will be paid from the Settlement Fund upon the Final Order becoming Non-Appealable.

4.      **Non-Materiality of Award of Attorneys' Fees, Reimbursement of Expenses or Service Award to Settlement.** In the event that this Court refuses to award attorneys' fees, allow reimbursement of expenses/costs or permit a service award, in whole or in part, or any such award is rejected or modified on appeal, such rejection or modification will not constitute a material modification of this Settlement Agreement, will not void this Settlement Agreement and will not provide a basis for any party to withdraw from this Settlement Agreement.

5.      **Defendants' Attorneys' Fees & Expenses**. Defendants will bear their own attorneys' fees, expenses and costs. No amount of the attorneys' fees, expenses, or costs of this Litigation incurred by Defendants or the administration of this Settlement incurred by Tennyson, the Tennyson Amended Employee Stock Ownership Plan or service providers thereto will be paid by, or charged to, any amounts paid in this Settlement or, directly or indirectly, to the Tennyson Amended Employee Stock Ownership Plan account of any Class Member.

## IX.    NO ADMISSION OF WRONGDOING

1.      This Settlement Agreement embodies a compromise of disputed claims and nothing in the Settlement Agreement will be interpreted or deemed to constitute any finding

20

of wrongdoing by Defendants or give rise to any inference of liability in this or any other proceeding. This Settlement Agreement will not be offered or received against Defendants as any admission by any such party with respect to the truth of any fact alleged by Plaintiffs or the validity of any claim that had been or could have been asserted in the Action or in any litigation or of any liability, negligence, fault, or wrongdoing of any such party.

      2.     Neither this Settlement Agreement nor the Memorandum of Understanding is, or may be deemed to be, or may be used as an admission of, or evidence of any infirmity in the Claims asserted by Plaintiffs and Class Members.

      3.     This Settlement Agreement may be used in such proceedings as may be necessary to consummate or enforce this Settlement Agreement or the Final Order, and any Party may file this Settlement Agreement and/or the Final Order in any action that may be brought against it or any of the Defendants to support a claim, a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar, or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim, or in any action that may be brought to enforce any claim assigned pursuant to this Settlement Agreement. Defendants may use and disclose this Settlement Agreement in connection with any proceeding involving any governmental agency with respect to the Tennyson ESOP or the Tennyson Amended Employee Stock Ownership Plan.

## X.    PRELIMINARY APPROVAL ORDER

      1.     **Preliminary Approval Order.** Class Counsel, on behalf of the Class, will move the Court to enter the Preliminary Approval Order ("Preliminary Approval Motion"). The Preliminary Approval Motion will seek an Order in a form agreed upon by the Settling Parties which will provide for, among other things:

21

(a)     Certification of the Class for settlement purposes only pursuant to Fed. R. Civ. P. 23(b)(1) or (b)(2);

(b)     Preliminary Approval of the Settlement as set forth in this Settlement Agreement, subject to further hearing and determination under Fed. R. Civ. P. 23(e);

(c)     Approval of the form of Class Notice, substantially in the form agreed-upon by the Parties, and the manner of distribution and publication which is consistent with this Agreement, Rule 23 and the requirements of due process;

(d)     Appoint the Settlement Administrator;

(e)     Appoint the Independent Trustee;

(f)     Set deadlines by which all objections to the Settlement must be made;

(g)     Schedule a hearing date at least one-hundred (100) days from the date on which the Preliminary Approval Order is filed for the Court to determine whether the Settlement Agreement should be finally approved as fair, reasonable and adequate, and whether an Order finally approving the Settlement Agreement should be entered ("Final Approval Hearing");

(h)     Provide that no objection to the Settlement Agreement will be heard and no papers submitted in support of said objection will be received and considered by the Court at the Final Approval Hearing unless the objection and reasons therefore, along with copies of any supporting papers, are filed with the Clerk of the Court and served on the Parties within forty-five (45) days of the publication and/or distribution of the Class Notice;

22

(i) Provide that the Final Approval Hearing may be continued from time to time by Order of the Court if necessary, and without further notice to the Class;

(j) Provide a deadline for filing of a Final Approval Motion and for Class Counsel's application for Fee Award, Service Awards, and Expense Award; and

(k) Require Defendants to produce the Class Data required pursuant to Section III.7 of this Agreement.

2. **Final Approval of the Settlement.** If the Court preliminarily approves this Settlement, and if Class Counsel has not exercised its right to withdraw pursuant to Section XI.4, Class Counsel will file a Final Approval Motion. Defendants will either join in or not oppose the Final Approval Motion. The Final Approval Motion will seek entry of a proposed Final Order in a form to be agreed-upon by the Settling Parties and will, among other things:

(a) Order Final Approval of the Settlement set forth in this Settlement Agreement;

(b) Adjudge that the Settlement is fair, reasonable and adequate to the Class pursuant to Rule 23(e);

(c) Dismiss the Action against Defendants with prejudice upon full payment of the Cash Settlement Amount;

(d) Adjudge that Plaintiffs and the Class will be deemed conclusively to have released and waived any and all Settled Claims against the Defendants as provided in this Settlement Agreement, and the predecessors, successors-in-interest, heirs, assigns, trusts, trustees, directors, devisees, legatees, executors,

23

administrators, conservators and guardians of the individual and corporate

defendant parties upon full payment of the Cash Settlement Amount;

(e)     Bar and permanently enjoin Plaintiffs and the Class from prosecuting any

and all Settled Claims, as provided in this Settlement Agreement, against the

Defendants, and the predecessors, successors-in-interest, heirs, assigns, trusts,

trustees, directors, devisees, legatees, executors, administrators, conservators and

guardians of the individual and corporate defendant parties upon full payment of

the Cash Settlement Amount;

(f)     Determine Class Counsel's request(s) for Fee Award, Service Awards, and

Expense Award; and

(g)     Retain exclusive jurisdiction, without affecting the finality of the Order

entered, with regard to: (i) implementation of this Settlement Agreement; (ii)

disposition of the Settlement Fund; and (iii) enforcement and administration of

this Settlement Agreement, including the release provisions thereof.

## XI.    CONDITIONS OF SETTLEMENT

1.     **Court Approval.** Each of the following is an express condition of

Settlement: (a) the Court certifies this Action as a class action pursuant to Fed. R Civ. P. 23 on

behalf of the Class substantially similar to those defined in this Agreement; (b) the Court enters a

Preliminary Approval Order substantially in the form as required by this Agreement; (c) the

Court enters the Final Order, substantially in the form as required by this Agreement.

2.     **Effect of Court Modification of the Class Definition.** In the event that

the Court does not certify a Class substantially similar to the definition set forth in this

Settlement Agreement, Class Counsel and Defendants will each have the right to void this

24

172096.v3

Settlement so long as notice of the exercise of such right is provided to the Court and the opposing Party within 14 days after the date on which the Court enters the order establishing the non-conforming Class definition.

   3.    **Effect of Certification under Rule 23 With Opt-Out Rights.** In the event the Court certifies the Class under Rule 23 in such a way that permits persons who otherwise would be included in the Class to exclude themselves, Defendants will have the unilateral right to withdraw from the Settlement and resume the litigation. To exercise the right of withdrawal under this paragraph, Defense Counsel must notify Class Counsel in writing no later than fourteen (14) days after the Court's certification of the Class. The writing contemplated in this paragraph must be sent via e-mail to Class Counsel at the e-mail addresses listed under their names and signatures on this Agreement.

   4.    **Material Correctness of Defendants' Class Information.** Defendants warrant and represent that the information and data about the Class that Defendants provide to Class Counsel and the Settlement Administrator for purposes of Class Notice and allocation of the Settlement Fund are materially correct.

   5.    **Non-Conditional Matters.** Court approval of the Fee Award, Service Awards, Expense Award, or the Plan of Allocation are not conditions of the Settlement. No action by the Court or any courts of appeal related to the Fee Award, the Service Awards, the Expense Award, or the Plan of Allocation will prevent the Final Order allowing the approval of the Settlement from becoming Non-Appealable.

## XII.   INDEPENDENT FIDUCIARY

   Defendants, at their own expense, will hire an Independent Fiduciary to approve the Settlement consistent with Prohibited Transaction Exemption 2003-39. Within twenty-one (21)

25

days after the Court enters a Preliminary Approval Order, the Independent Fiduciary will issue

its final opinion. If at any point, the Independent Fiduciary issues an opinion that does not

approve all aspects of this Settlement Agreement, Defendants or Class Counsel will have the

right, but not the obligation, to withdraw from the Settlement Agreement so long as such right is

exercised within seven (7) days of receipt of the Independent Fiduciary's opinion. If either party

exercises such right under this provision, then the entire Settlement Agreement will be void and

the parties will revert to their respective positions in the Litigation as of November 13, 2017.

## XIII.   RELEASES

Upon the Final Order becoming Non-Appealable and Defendants' full payment of the

Cash Settlement Amount, and provided that each Party has performed all of the respective

obligations under this Settlement Agreement to be performed on or prior to such date by such

Party:

1.      **Release of the Defendants by the Class.** The Class Members (including

their heirs, executors, administrators, successors, and assigns), solely in their capacity as

participants in the Tennyson ESOP and/or the Tennyson Amended Employee Stock Ownership

Plan, or as beneficiaries of Class Members who are participants in the Tennyson ESOP and/or

the Tennyson Amended Employee Stock Ownership Plan, fully and finally release the

Defendants (including the predecessors, successors-in-interest, heirs, assigns, trusts, trustees,

directors, devisees, legatees, executors, administrators, conservators and guardians of the

individual and corporate defendant parties) from any and all actual or potential claims, actions,

causes of action, suits, contracts, controversies, agreements, costs, attorneys' fees, expenses,

damages, rights, obligations, judgments or demands whatsoever, in law or in equity, whether

known or unknown, now existing or hereafter arising, whether contingent or liquidated, whether

26

contractual, extra-contractual, in tort or otherwise, of every kind, nature and description that the Class Members had, have, or may have in the future against the Defendants, in whole or in part, based upon, arising from, related to, attributable to, in consequence of, or in any way involving: (a) the Action; or (b) any claim, known or unknown, that the Class has or could have asserted against the Defendants related to or arising out of the adoption, administration or termination of the Tennyson ESOP or the implementation of the termination of the Tennyson ESOP.

2. **Release of Plaintiffs and the Class by Defendants.** Defendants shall be deemed to have, and by operation of the Final Order shall have fully, finally, and forever released, relinquished and discharged Plaintiffs, each Class Member, and Class Counsel from any and claims, actions, causes of action, suits, contracts, controversies, agreements, costs, attorneys' fees, expenses, damages, rights, obligations, judgments or demands whatsoever, in law or in equity, whether known or unknown, now existing or hereafter arising, whether contingent or liquidated, whether contractual, extra-contractual, in tort or otherwise, of every kind, nature and description that Defendants had, have, or may have in the future against Plaintiffs, each Class Member or Class Counsel that Defendants could have asserted in this Action related to the filing of this Action including any claims for attorneys' fees, costs, expenses or sanctions, that relate to the filing, commencement, prosecution or settlement of this Action whether such Claim arises under ERISA or any federal law, state law, foreign law, common law doctrine, rule, regulation or otherwise. The Tennyson ESOP, and its fiduciaries on behalf of the Tennyson ESOP, shall have fully, finally, and forever released, relinquished and discharged the Class as to any claims related to challenging the correctness of any distribution or allocation in any of the Class Members' Tennyson ESOP accounts that are subject to this Settlement.

27

172096.v3

3. **Waiver of California Civil Code §1542.** The Settling Parties agree that, with respect to the releases provided for in paragraphs **XIII. 1 and 2,** above, the Settling Parties intend to provide a general release of all claims described in those paragraphs and hereby waive the application of California Civil Code §1542 which provides as follows:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

4. **Non-Released Claims.** Notwithstanding the foregoing or any other language in this Settlement Agreement, the Settling Parties are not releasing Claims to enforce this Settlement Agreement.

## XIV.  EFFECT OF DISAPPROVAL, CANCELLATION OR TERMINATION

1. **Termination Notice.** In the event that the Court refuses to grant Preliminary Approval or enter the Final Approval Order, or approval of the Settlement is reversed on appeal or materially altered, either Class Counsel or Defendants may void this Settlement by providing written notice to counsel for all other Parties to the Settlement within fourteen days (14) days after the event prompting the right to terminate ("Termination Notice"). In the event that one of the conditions of this Settlement set forth in Section XI is not met and the Final Order has not become Non-Appealable, the Party in Section XI entitled to withdraw based on this condition may void the Settlement within the time period specified in Section XI.

2. **Effectiveness of Termination Notice.** The Termination Notice will become effective to void the Settlement Agreement only if and after the Settling Parties have failed to reach a written agreement within thirty (30) days of the event triggering the Termination Notice to modify this Settlement Agreement to resolve the issue.

28

172096.v3

3.      **Effect of Withdrawal.** In the event that the Court refuses to grant

Preliminary Approval or enter the Final Approval Order, or such approval is reversed on appeal

and one of the Settling Parties exercises its right to withdraw from the Settlement Agreement

within the time specified above, or any other circumstance which causes the Final Order to not

become Non-Appealable and the Parties have not entered into a written modification of the

Settlement Agreement within thirty (30) days of such occurrence: (a) the monies in the Escrow

Account (including any interest or earnings accrued while in Escrow, but less any amount paid or

owing for taxes or other expenses incurred with respect to the Escrow Account by Class Counsel

or by the Settlement Administrator while in Escrow in connection with administering the

Settlement Agreement, including any amounts necessary to prepare tax returns or monies paid or

owing to the Settlement Administrator) will be returned to each payor, pro rata according to the

amount of its/his/her respective payment(s) into the Settlement Fund upon written request within

ten (10) business days of such written request; (b) the Settling Parties will not be released from

the claims asserted in this Litigation; (c) both this Agreement and the Memorandum of

Understanding will be void *ab initio*; and (d) the Parties' positions, rights and responsibilities

will be deemed to have reverted to their respective status in this Action as of November 13,

2017, and, except as may otherwise be expressly provided herein, the Settling Parties will

proceed in all respects as if this Settlement Agreement and the Memorandum of Understanding

never existed.

## XV.   MISCELLANEOUS PROVISIONS

1.      **Return of Confidential Information.** Within the later of 90 days of the

Final Order becoming Non-Appealable or the Net Settlement Amount being paid to the

Tennyson Amended Employee Stock Ownership Plan for distribution to the Class Members, any

29

Party or counsel who has received any confidential materials (excluding attorney work product, expert reports, and any materials filed unsealed with the Court), will either return such materials to counsel for the party who produced the confidential materials or destroy them as provided in the Stipulated Protective Order (Dkt. No. 35). However, Counsel for any Party may retain (1) archival copies of pleadings, motion papers, deposition transcripts and exhibits, court transcripts, and exhibits, and (2) any documents protected by the attorney-client privilege or work-product doctrine (including Confidential Material referred to or attached to any such document). Additionally, Class Counsel may maintain the Class Data provided in discovery, but such materials will remain subject to the terms of the Stipulated Protective Order.

2.      **Tax Advice Not Provided.** No opinion or advice concerning the Tax consequences of the Settlement Agreement or distributions from the Tennyson Amended Employee Stock Ownership Plan has been given or will be given by counsel involved in the Action to the Class, nor is any representation or warranty in this regard made by virtue of this Settlement Agreement. The Tax obligations of the Class and the determination thereof are the sole responsibility of each Class Member, and it is understood that the Tax consequences may vary depending on the particular circumstances of each Class Member.

3.      **Binding Effect.** This Settlement Agreement will be binding upon, and inure to the benefit of, the successors, assigns, executors, administrators, affiliates, heirs and legal representatives of the Settling Parties, provided, however, that no assignment by any Settling Party will operate to relieve such party of its obligations hereunder.

4.      **Good Faith.** The Settling Parties: (a) acknowledge that it is their intent to consummate this Settlement; (b) agree to exercise their best efforts and to act in good faith to cooperate to the extent necessary to effectuate and implement all terms and conditions of this

172096.v3

Settlement Agreement; and (c) agree to exercise their best efforts and to act in good faith to cooperate to the extent necessary to obtain the fullest possible participation of all Class Members in any Settlement. The Settling Parties and their counsel agree to cooperate fully with one another in seeking entry of the Preliminary Approval Order and final approval of the Settlement. The Settling Parties also agree to promptly execute and/or provide such documentation as may be reasonably required to obtain preliminary and final approval of this Settlement.

      5.    **Exhibits.** Any exhibits attached hereto and identified herein are hereby incorporated by reference as though fully set forth herein.

      6.    **Modification.** This Settlement Agreement may be amended or modified only by written instrument signed by Class Counsel on behalf of Plaintiffs and the Class and by Defense Counsel on behalf of Defendants or their respective successors in interest.

      7.    **Representations.** This Settlement Agreement constitutes the entire agreement among the Settling Parties, and no representations, warranties or inducements have been made to any party concerning this Settlement Agreement or the Memorandum of Understanding, other than the representations, warranties, and covenants contained and memorialized in such documents. In the event of any conflicts between this Settlement Agreement, the Memorandum of Understanding, or any other document, the Settling Parties agree that this Settlement Agreement will control.

      8.    **Authorization.** Each signatory to this Settlement Agreement represents that he or she is authorized to enter into this Settlement Agreement on behalf of the respective parties he or she represents.

31

9.    **Counterparts.** This Settlement Agreement may be executed in one or more original, photocopied, or facsimile counterparts. All executed counterparts and each of them will be deemed to be one and the same instrument.

10.    **Governing Law.** All terms of this Settlement Agreement will be governed by and interpreted according to the laws of the State of California without regard to its rules of conflicts of law and in accordance with the laws of the United States.

11.    **Headings.** The headings in this Settlement Agreement are used for purposes of convenience and ease of reference only and are not meant to have any legal effect, nor are they intended to influence the construction of this Settlement Agreement in any way.

12.    **Waiver.** The waiver by one party of any breach of this Settlement Agreement by any other party will not be deemed a waiver of any other breach of this Settlement Agreement. The provisions of this Settlement Agreement may not be waived except by a writing signed by the affected party, or counsel for that party, or orally on the record in court proceedings.

13.    **Continuing Jurisdiction.** The Settling Parties agree to submit to the jurisdiction of the Court and will be bound by the terms of this Settlement Agreement, including, without limitation, disputes related to implementing and enforcing the Settlement embodied in this Settlement Agreement. Any and all disputes related to claims that are not satisfactorily resolved by the Settling Parties will be submitted to the Court for final resolution. The Final Order will provide that the Court will have continuing jurisdiction over this Settlement.

14.    **Enforcement of this Agreement.** In the event that any Party to this Agreement believes that another Party to this Agreement has breached the terms of this Agreement, that Party will notify the alleged breaching Party and Counsel in writing setting forth

32

172096.v3

IN WITNESS WHEREOF, the parties hereto, intending to be legally bound hereby have caused this Settlement Agreement to be executed by them or their duly authorized counsel, on the dates set forth below.

[Signature page follows]

172096.v3

**FOR PLAINTIFFS, CLASS REPRESENTATIVES AND ON BEHALF OF THE CLASS**

**APPROVED AS TO FORM**

Dated: _____ __, 2018

_____
Daniel Feinberg
**FEINBERG, JACKSON, WORTHMAN & WASOW LLP**
383 4th Street, Suite 201
Oakland, CA 94607
Tel: (510) 269-7998
Fax: (510) 269-7994
Email: dan@feinbergjackson.com

*Attorneys for Plaintiffs*

**FOR DEFENDANTS MICHAEL A. TENNYSON, CATHLEEN W. TENNYSON, TENNYSON ELECTRIC, INC. AND PLAN COMMITTEE FOR THE TENNYSON ELECTRIC, INC. EMPLOYEE STOCK OWNERSHIP PLAN**

**APPROVED AS TO FORM**

Dated: _____ __, 2018

By:    _____
R. Bradford Huss
Joseph C. Faucher
**Trucker Huss, APC**
One Embarcadero Center, 12th Floor
San Francisco, CA 94111
Tel: (415) 788-3111

*Attorneys for Defendants*

36

172096.v3

FOR PLAINTIFFS, CLASS REPRESENTATIVES AND ON BEHALF OF THE CLASS

APPROVED AS TO FORM

Dated: May 4, 2018

Daniel Feinberg
**FEINBERG, JACKSON, WORTHMAN & WASOW LLP**
383 4th Street, Suite 201
Oakland, CA 94607
Tel: (510) 269-7998
Fax: (510) 269-7994
Email: dan@feinbergjackson.com

*Attorneys for Plaintiffs*

FOR DEFENDANTS MICHAEL A. TENNYSON, CATHLEEN W. TENNYSON, TENNYSON ELECTRIC, INC. AND PLAN COMMITTEE FOR THE TENNYSON ELECTRIC, INC. EMPLOYEE STOCK OWNERSHIP PLAN

APPROVED AS TO FORM

Dated: May 9, 2018

By:

R. Bradford Huss
Joseph C. Faucher
**Trucker Huss, APC**
One Embarcadero Center, 12th Floor
San Francisco, CA 94111
Tel: (415) 788-3111

*Attorneys for Defendants*

36

172096.v3

**PLAINTIFF MANLEY GOUGH**

Executed this _30_ day of _APML_, 2018 at _LATHROP_, _CALIFORNIA_

_____
Manley Gough

Sworn to and subscribed before me
this _30th_ day of _April_, 2018.

_Debbie E. Belman_
Notary Public
My Commission Expires: _7/30/2021_

DEBBIE E. BELMAR
Notary Public – California
San Joaquin County
Commission # 2208047
My Comm. Expires Jul 30, 2021

**PLAINTIFF CURTIS BRYANT**

Executed this _30_ day of _April_, 2018 at _LATHROP_, _CALIFORNIA_.

_____
Curtis Bryant

Sworn to and subscribed before me
this _30th_ day of _April_, 2018.

_Debbie E. Belman_
Notary Public
My Commission Expires: _7/30/2021_

DEBBIE E. BELMAR
Notary Public – California
San Joaquin County
Commission # 2208047
My Comm. Expires Jul 30, 2021

**PLAINTIFF JOHN GOUVEIA**

Executed this _30_ day of _April_, 2018 at _Lathrop_, _California_

_____
John Gouveia

Sworn to and subscribed before me
this _30th_ day of _April_, 2018.
Notary Public: _Debbie E. Belman_
My Commission Expires: 7/30/2021

DEBBIE E. BELMAR
Notary Public – California
San Joaquin County
Commission # 2208047
My Comm. Expires Jul 30, 2021

37

172096.v3

_Johnson,_                          _null & void_

Notary Public

My Commission Expires: __4/16/2020__

> TERRI JOHNSON
> Commission # 2147180
> Notary Public - California
> Alameda County
> My Comm. Expires Apr 16, 2020

**DEFENDANT MICHAEL A. TENNYSON**

Executed this __7__ day of __May__, 2018 at __Livermore__, __California__.

_____

Michael A. Tennyson

Sworn to and subscribed before me

this __7__ day of __May__, 2018.

_Johns_

Notary Public

My Commission Expires: __4/16/2020__

> TERRI JOHNSON
> Commission # 2147180
> Notary Public - California
> Alameda County
> My Comm. Expires Apr 16, 2020

**DEFENDANT CATHLEEN W. TENNYSON**

Executed this __8__ day of __May__ 2018 at __Livermore__, __California__.

_____

Cathleen W. Tennyson

Sworn to and subscribed before me

this __8__ day of __May__, 2018.

_Johns_

Notary Public

My Commission Expires: __4/16/2020__

> TERRI JOHNSON
> Commission # 2147180
> Notary Public - California
> Alameda County
> My Comm. Expires Apr 16, 2020

38

172096.v3

**DEFENDANT TENNYSON ELECTRIC CO., INC.**

By Michael A. Tennyson

Executed this 7 day of May, 2018 at Livermore, California.

_____
Michael A. Tennyson

Sworn to and subscribed before me

this 7 day of May, 2018.

_____
Notary Public

My Commission Expires: 4/16/2020

> TERRI JOHNSON
> Commission # 2147180
> Notary Public - California
> Alameda County
> My Comm. Expires Apr 16, 2020

**DEFENDANT PLAN COMMITTEE FOR TENNYSON ELECTRIC CO., INC. ESOP**

By Michael A. Tennyson

Executed this 7 day of May, 2018 at Livermore, California.

_____
Michael A. Tennyson

Sworn to and subscribed before me

this 7 day of May, 2018.

_____
Notary Public

My Commission Expires: 4/16/2020

> TERRI JOHNSON
> Commission # 2147180
> Notary Public - California
> Alameda County
> My Comm. Expires Apr 16, 2020

172096.v3

# EXHIBIT 1

TENNYSON ELECTRIC ESOP - PARTICIPANT LIST FOR DISTRIBUTION

| Last Name | First Name | Address |
|-----------|-----------|---------|
| Bryant | Curtis | 135 MaCaw Lane Suite 110<br>Simi Valley, CA 93065 |
| Fruguglietti | Steven | 1040 Academy Drive<br>Lathrop, CA 95330 |
| Johnson | Terri | 6440 Forget Me Not<br>Livermore, CA 94551 |
| Gough | Manley | 1236 Exeter Way<br>Brentwood, CA 94513 |
| Gouveia | John | 2328 Meadowbrook Drive<br>Lodi, CA 95242 |
| Klevin | Cynthia | 1896 Bankston Drive<br>Tracy, CA 95304 |
| Pham | Michelle | Fidelity Management Trust Company<br>100 Crosby Parkway<br>Covington, KY 41015 |
| Smith | Lorri | 2880 Valentino Court<br>Tracy, CA 95376 |
| Bisson | Jeff | 4109 Kincaid Lane<br>Salida, CA 95368 |
| Moreno | Rachel | Cru 1 Orange Way<br>Windsor Court, CA 06095 |
| Tennyson | Terry | 1423 Tiburon<br>Tracy, CA 95377 |
| Gordon | Brett | 21112 Maranatha Road<br>Tuolumne, CA 95379 |
| Almeida | Danny | 949 Manderille Street<br>Manteca, CA 95337 |
| Deanda | Hector | 453 Peregrine Drive<br>Patterson, CA 95363 |
| Ortiz | Martin | 2849 E Las Palmas<br>Patterson, CA 95363 |
| Ward | Bobby | 1070 Sahudeck Court<br>Manteca, CA 95336 |
| Zaragoza | Joel | 398 Carriage Lane<br>Oakdale, CA 95361 |
| Deanda-Campos | Efren | 26293 Jane Avenue<br>Hayward, CA 94544 |
| Avila | Marcos | PO Box 720097<br>Dallas TX, 75372 |
| Gabriel | Manny | 7636 Patterson Road<br>Oakdale, CA 95361 |
| Perez | Albert | 8488 Shepherd Drive<br>Westchester, OH 45069 |
| Weatherill | Jeff | 30000-193 Kasson Road<br>Tracy, CA 95304 |

# EXHIBIT 2

Daniel Feinberg - State Bar No. 135983
FEINBERG, JACKSON, WORTHMAN & WASOW LLP
383 4th Street, Suite 201
Oakland, CA 94607
Telephone: (510) 269-7998
Facsimile: (510) 269-7994
E-mail: dan@feinbergjackson.com

*Attorneys for Plaintiffs*

R. Bradford Huss – State Bar No. 71303
TRUCKER HUSS, APC
1 Embarcadero Center, 12th Floor
San Francisco, CA 94111
Telephone: (415) 788-3111
Facsimile: (415) 421-2017
Email: bhuss@truckerhuss

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO/OAKLAND DIVISION

|  |  |
|---|---|
| MANLEY GOUGH, et al., | Case Number: C 17-02215-PJH |
| Plaintiff(s), | **STIPULATED JUDGMENT** |
| vs. | |
| MICHAEL A. TENNYSON, et al. | |
| Defendant(s). | |

Upon consideration of the Class Action Settlement Agreement (the "Agreement") entered into by Plaintiffs Manley Gough, Curtis Bryant and John Gouveia, individually and on behalf of the Class ("Plaintiffs"), and Defendants Michael A. Tennyson, Cathleen W. Tennyson, Tennyson

STIPULATED JUDGMENT                                    Case No. C17-02215-PJH

Electric, Inc. and Plan Committee of the Tennyson Electric, Inc. Employee Stock Ownership Plan ("Defendants"), and the Declaration in Support of Entry of Stipulated Judgment submitted by Plaintiffs, **JUDGMENT IS HEREBY ENTERED IN FAVOR OF PLAINTIFFS AND THE CLASS, AND AGAINST DEFENDANTS AS FOLLOWS**:

1. Defendants are liable to Plaintiffs and the Class and shall pay the Tennyson Amended Employee Stock Ownership Plan for the benefit of Plaintiffs and the Class the total amount of $1,750,000.00 ("Cash Settlement Amount").

2. In the event of Defendants' (1) failure to timely pay any amount due under Section IV of the Agreement, and (2) failure to cure the default within thirty (30) days of written notice of default from Plaintiffs, then Defendants are liable for the immediate payment of the Cash Settlement Amount set forth in Paragraph 1.


Dated: August 10, 2017                  /s/
                                        _____

                                        Daniel Feinberg

                                        Attorneys for Plaintiffs MANLEY GOUGH, CURTIS

                                        BRYANT, and JOHN GOUVEIA


Dated: August 10, 2017                  /s/
                                        _____
                                        R. Bradford Huss
                                        Attorney for Defendants MICHAEL A. TENNYSON,
                                        CATHLEEN W. TENNYSON, PLAN COMMITTEE
                                        OF THE TENNYSON ELECTRIC, INC.
                                        EMPLOYEE STOCK OWNERSHIP PLAN, AND
                                        TENNYSON ELECTRIC, INC.


**IT IS SO ORDERED.**

Dated:
                                        _____
                                        UNITED STATES DISTRICT JUDGE


Page **2** of **3**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

STIPULATED JUDGMENT                              Case No. C17-02215-PJH