DANIEL FEINBERG – CA State Bar No. 135983
Email: dan@feinbergjackson.com
FEINBERG, JACKSON,
WORTHMAN & WASOW LLP
2030 Addison St., Suite 500
Berkeley, CA 94704
Tel: (510) 269-7998
Fax: (510) 269-7994

*Attorney for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO/OAKLAND DIVISION

| | |
|---|---|
| MANLEY GOUGH, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>MICHAEL A. TENNYSON, et al.,<br><br>Defendants. | Case No. C17-02215-PJH<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Date:       October 24, 2018<br>Time:       9:00 a.m.<br>Courtroom:  3, 3rd Floor |

**TABLE OF CONTENTS**

I.   INTRODUCTION ............................................................................................................. 2
II.  BACKGROUND .............................................................................................................. 2
III. FINAL APPROVAL OF THE SETTLEMENT IS APPROPRIATE................................ 6
     A.  The Strength of Plaintiff's Case................................................................................ 7
     B.  The Risks and Complexity Involved........................................................................ 7
     C.  The Risk of Maintaining Class Action Status Throughout the Trial. ...................... 8
     D.  The Amount Offered in Settlement.......................................................................... 8
     E.  The Extent of Discovery Completed and the Stage of the Proceedings. ................. 9
     F.  Experience and Views of Counsel. ........................................................................ 10
     G.  The Lack of Opposition by the Class and the Independent Fiduciary's Approval.
         ................................................................................................................................ 10
     H.  The *Bluetooth* Factors Support Approval of the Settlement. ................................ 10
IV.  CONCLUSION............................................................................................................... 12

# TABLE OF AUTHORITIES

**Cases**

*Cabiness v. Educ. Fin. Sols., LLC*, No. 16-CV-01109-JST, 2018 WL 3108991 (N.D. Cal. June 25, 2018) ................................................................................................................ 11

*Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566 (9th Cir. 2004).......................................... 6, 11

*City P'ship Co. v. Atl. Acquisition Ltd. P'ship*, 100 F.3d 1041 (1st Cir. 1996).............................. 9

*Class Plaintiffs v. City of Seattle*, 955 F.2d 1268 (9th Cir. 1992) ................................................. 6

*Conkright v. Frommert*, 559 U.S. 506 (2010).............................................................................. 7

*In re Bluetooth Headset Products Liability Litigation*, 654 F.3d 935 (9th Cir. 2011) ..... 10, 11, 12

*In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prod. Liab. Litig.*, 229 F. Supp. 3d 1052 (N.D. Cal. 2017).......................................................................................................... 10

*Knapp v. Art.com, Inc.*, 283 F. Supp. 3d 823 (N.D. Cal. 2017)..................................................... 7

*Nat'l Rural Telecom. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523 (C.D. Cal. 2004) .................. 7, 10

*Noll v. eBay, Inc.*, 309 F.R.D. 593 (N.D. Cal. 2015) .................................................................. 10

*Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615 (9th Cir. 1982) .................................... 6

*Pac. Enters. Sec. Litig.*, 47 F.3d 373 (9th Cir. 1995).................................................................. 10

*Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370 (9th Cir. 1983)................................................... 6

*Van Bronkhorst v. Safeco Corp.*, 539 F.2d 943 (9th Cir. 1976) .................................................... 6

*Vasquez v. Coast Valley Roofing, Inc.*, 266 F.R.D. 482 (E.D. Cal. 2010)......................... 6, 7, 8, 9

*Vizcaino v. Microsoft Corp.*, 290 F.3d 1043 (9th Cir. 2002)....................................................... 11

*Wachtel v. Health Net, Inc.*, 482 F.3d 225 (3d Cir. 2007) ............................................................ 8

*Wit v. United Behavioral Health*, 317 F.R.D. 106 (N.D. Cal. 2016)............................................ 8

**Statutes**

ERISA § 404(a)(1), 29 U.S.C. § 1104(a)(1) .................................................................................. 2

ERISA § 406, 29 U.S.C. § 1106 .................................................................................................... 2

ERISA § 409, 29 U.S.C. § 1109 .................................................................................................... 3

ERISA § 502(c), 29 U.S.C. § 1132(c) ........................................................................................... 3

**Rules**

Fed. R. Civ. P. 23(e) ............................................................................................................. 2, 6, 8

**NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

NOTICE IS HEREBY GIVEN that at 9:00 a.m. on October 24, 2018, or as soon thereafter as the matter may be heard, in the above entitled Court, Plaintiffs Manley Gough, Curtis Bryant, and John Gouveia will and hereby do move the Court to grant final approval of the proposed class action settlement.

This motion is based on the Memorandum of Points and Authorities filed herewith and in support of this Motion, the Declaration of Daniel Feinberg in Support of Plaintiffs' Motion for Final Approval ("Feinberg Decl."), the Second Declaration of Kimberly Ness, the Declarations of the named Plaintiffs, and all other papers filed in this action.

Dated: October 5, 2018                               Respectfully submitted,

                                                     FEINBERG, JACKSON, WORTHMAN &
                                                     WASOW LLP


                                                     By:    *s/Daniel Feinberg*
                                                            Daniel Feinberg

CASE NO.17-02215-PJH                       1                             MOTION FOR
                                                                         FINAL APPROVAL

## I. INTRODUCTION

Plaintiffs Manley Gough, Curtis Bryant, and John Gouveia, on behalf of themselves and all others similarly situated, move this Court for an order granting final approval to the proposed class action settlement. The Settlement resolves Plaintiffs' and the Class Members' claims against Defendants Michael A. Tennyson, Cathleen W. Tennyson, Plan Committee of the Tennyson Electric, Inc. Employee Stock Ownership Plain, and Tennyson Electric, Inc. (collectively, "Defendants"), in exchange for the payment of $1.75 million in cash—less attorneys' fees, litigation expenses, and a service award payment to the Plaintiffs—to the Tennyson Electric, Inc. Employee Stock Ownership Plan ("the ESOP" or "the Plan"), as well as an additional payment for the cost of settlement administration and an Independent Trustee. The settlement payment averages approximately $80,000 per Class Member.

This settlement is "fair, reasonable, and adequate." *See* Fed. R. Civ. P. 23(e). Among the relevant factors showing the settlement is fair and reasonable are: (1) the Settlement is commensurate with the strength of Plaintiffs' case, and $1.75 million falls well within the range of reasonableness given the risk, expenses, and complexity of further litigation; (2) Plaintiffs' uncertain ability to collect a judgment following trial; (3) sufficient discovery and investigation have been conducted to enable Class Counsel to evaluate the claims and defenses in the action and to recommend this settlement; and (4) no Class Member has objected to the Settlement. The Court should therefore grant final approval.

## II. BACKGROUND

Plaintiffs Manley Gough, Curtis Bryant and John Gouveia allege Defendants breached their fiduciary duties of prudence and loyalty under ERISA § 404(a)(1), 29 U.S.C. § 1104(a)(1), in the October 2015 Transaction. Plaintiffs also allege these Defendants engaged in a prohibited transaction under ERISA § 406, 29 U.S.C. § 1106, in the October 2015 Transaction. Finally, Plaintiffs allege Defendants failed to provide participants with annual benefit statements for the years 2011-2014 until November 2015. Plaintiffs allege Defendants are liable to make good the

losses to the Plan pursuant to ERISA § 409, 29 U.S.C. § 1109, and also for statutory penalties under ERISA § 502(c), 29 U.S.C. § 1132(c). Defendants dispute these claims and have vigorously defended the litigation.

Plaintiffs filed this action on April 20, 2017 and filed an amended complaint on May 12, 2017. ECF No. 1; ECF No. 8. Defendants filed a Motion to Dismiss on June 29, 2017. ECF No. 18. The Court denied Defendants' Motion to Dismiss by Order dated September 28, 2017. ECF No. 36.

Plaintiffs conducted discovery, including reviewing and indexing more than ten thousand pages of documents produced by Defendants and third parties. Declaration of Daniel Feinberg in Support of Motion for Final Approval ("Feinberg Decl.") at ¶¶ 3-4. Plaintiffs sought documents from third parties pursuant to subpoenas, including documents from the third-party financial advisor who prepared ESOP valuations and Defendants' legal advisor for the Transaction. *Id*.

Plaintiffs engaged an expert to evaluate damages. *Id*. at ¶ 5. Plaintiffs' valuation expert prepared a comprehensive analysis of liability and damages issues, including a valuation of Tennyson Electric stock at the time of the October 2015 Transaction. *Id*. Plaintiffs provided Defendants their export report under the mediation privilege in advance of their mediation session. *Id*.

On November 13, 2017, all Parties and their lawyers attended a full-day mediation with Robert Meyer, a mediator who has a great deal of experience mediating ESOP cases. *Id*. at ¶ 6. The parties did not reach a settlement at the November 2017 mediation; however, they agreed to settlement terms shortly thereafter. *Id*.

Plaintiffs filed their Motion for Preliminary Approval on March 20, 2018. ECF No. 43. Plaintiffs' Motion was unopposed. On May 9, 2018, Plaintiffs filed their Renewed Motion for Preliminary Approval. ECF No. 46. Plaintiffs' Renewed Motion was unopposed. On July 10, 2018, the Court issued an order (1) preliminarily approving the proposed settlement; (2) certifying the Class for settlement purposes; (3) approving the form and content of notice to class

members; (4) directing the mailing of notice; and (5) scheduling the final fairness hearing. ECF No. 58.

In short, the Settlement provides for a cash payment of $1.75 million—inclusive of payments to the Class, attorneys' fees, costs, and an incentive award to each of the named Plaintiffs—and the payment of costs for settlement administration and independent trustee, in return for a release that extinguishes the claims against Defendants. The Settlement will be paid in installments by December 31, 2019.

The Settlement provides for a mandatory, non-opt-out Settlement Class. The Settlement Class approved by the Court is defined as follows: all individuals who are or, as of October 2015, were participants in the Tennyson Electric, Inc. ESOP with a balance in the ESOP. Excluded from the class definition are Defendants Michael and Cathleen Tennyson and their son, Matthew Tennyson. ECF No. 58 at ¶ 4.

The following summarizes the principal terms of the Settlement:

Settlement Amount, Timing of Payment, and Plan of Allocation

The Settlement provides that Defendants will pay the Settlement Amount—$1,750,000—in installments prior to December 31, 2019. Feinberg Decl., Ex. 1 at pp. 10-11. The payment schedule requires payments shortly after preliminary approval and final approval, with the balance paid in quarterly installments. *Id*. Defendants made the first installment payment in the amount of $300,000 after preliminary approval. Feinberg Decl. at ¶ 8. After deductions for attorneys' fees, cost reimbursements, class representative service awards and any income tax owed on accrued interest, the net settlement amount will be paid into the ESOP trust account and allocated to the Class Members' individual accounts. Ex. 1 at pp.13-14.

Plaintiffs propose that the settlement proceeds will be allocated based upon the Class Members' pro rata stock allocation under the ESOP as of October 2015. *Id.* at p. 15. Thus, if Class Members held 1,000 ESOP shares, then a Class Member who held 50 shares would receive 5% of the settlement proceeds.

...
...

Defendants will also pay the cost of settlement administration and an Independent Trustee. *Id.* at pp. 16-17. The Independent Trustee will be responsible for distributing the settlement funds allocated to Class Members' individual ESOP accounts. *Id.* at pp. 17-18

Scope of Release

The Settlement provides for a mutual release of all claims relating to the ESOP. *Id.* at pp. 26 – 28.

Attorneys' Fees and Costs

All attorneys' fees and costs approved by the Curt will be paid out of the Settlement Amount. *Id.* at pp. 19 – 20. Defendants will not oppose Class Counsel's petition for fees up to 25 percent of the Settlement Amount. *Id.*

Incentive Payment

Defendants will not oppose Class Counsel's petition for a service incentive payment of up to $5,000 to each named Plaintiff, which shall be paid out of the Settlement Amount. *Id.* The name Plaintiffs have made a valuable contribution to this lawsuit by providing documents and information to Class Counsel, attending the mediation and meeting with Class Counsel, communicating with Class Members, and obtaining updated mailing addresses for Class Members. Declarations of Manley Gough, Curtis Bryant and John Gouveia at ¶¶ 2-5. Each named Plaintiff has taken time off from work in order to fulfill his duties as Class Representative and devoted over 100 hours of time to this action. *Id.* at ¶ 6.

Class Notice

Pursuant to the Court's Preliminary Approval Order, the Settlement Administrator mailed the Class Notice to Class Members on July 23, 2018. Second Declaration of Kimberly K. Ness ("Ness Decl.") at ¶ 6. The Settlement Administrator also established a settlement website. *Id.* at ¶¶ 7-8. No notices were undeliverable. *Id.* at ¶ 6.

The Response of the Class to the Proposed Settlement

The deadline for objections to the proposed Settlement was September 6, 2018. ECF No.

58 at 3.  No Class Member objected to the proposed Settlement. Feinberg Decl. ¶ 5. The Class was certified as a non-opt-out class; accordingly, no Class Members opted out. *Id.*

### III. FINAL APPROVAL OF THE SETTLEMENT IS APPROPRIATE.

The law favors settlement, particularly in class actions and other complex cases where substantial resources can be conserved by avoiding the time, cost, and rigors of formal litigation. *Van Bronkhorst v. Safeco Corp.*, 539 F.2d 943, 950 (9th Cir. 1976). Final approval of a proposed class action settlement will be granted where it is established that the proposed settlement is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). In determining whether to grant final approval, the Court does not "reach any ultimate conclusions on the contested issues of fact and law which underlie the merits of the dispute, for it is the very uncertainty of outcome in litigation and avoidance of wasteful and expensive litigation that induce consensual settlements." *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1291 (9th Cir. 1992) (quoting *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982). The Court should consider the following factors:

> (1) the strength of plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members to the proposed settlement.

*Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004).[1] The relative importance of any particular factor will depend upon the nature of the claims, the types of relief sought, and the unique facts and circumstances presented by the individual case. *Class Plaintiffs*, 955 F.2d at 1291. Furthermore, "this list of factors is not exclusive and the court may balance and weigh different factors." *Vasquez v. Coast Valley Roofing, Inc.*, 266 F.R.D. 482, 488 (E.D. Cal. 2010) (citing *Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1376 (9th Cir. 1983)).

---

[1] As no governmental participant is involved, this factor is not discussed below.

As explained below, the relevant factors support granting final approval to this Settlement.

### A. The Strength of Plaintiff's Case.

"An important consideration in judging the reasonableness of a settlement is the strength of the plaintiffs' case on the merits balanced against the amount offered in the settlement." *Vasquez*, 266 F.R.D. at 488 (quoting *Nat'l Rural Telecom. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 528 (C.D. Cal. 2004)).

While Plaintiffs believe they have a strong case and would ultimately prevail, Defendants denied that they breached any applicable fiduciary duties or engaged in prohibited transactions. These are fact-intensive issues, the resolution of which would involve credibility determinations and documentary evidence. Even assuming that Plaintiffs would have prevailed on the liability issues, there would have been expert disputes regarding the proper valuation of the ESOP's Tennyson Electric stock and thus the amount of damages payable to ESOP. Thus, this factor weighs in favor of approval of the Settlement.

### B. The Risks and Complexity Involved.

It is well-established that a settlement is evaluated in light of the risks and costs of litigation, "balanced against the certainty and immediacy of recovery from the Settlement." *Vasquez*, 266 F.R.D. at 489; *see also Knapp v. Art.com, Inc.*, 283 F. Supp. 3d 823, 831-32 (N.D. Cal. 2017). "The Court shall consider the vagaries of litigation and compare the significance of immediate recovery by way of the compromise to the mere possibility of relief in the future, after protracted and expensive litigation." *Nat'l Rural Telecomm.*, 221 F.R.D. at 526. Thus, "'unless the settlement is clearly inadequate, its acceptance and approval are preferable to lengthy and expensive litigation with uncertain results.'" *Knapp*, 283 F. Supp. 3d at 832 (quoting *Nat'l Rural Telecomm*, 221 F.R.D. at 526).

ERISA is an "enormously complex" statute and many ERISA matters also involve facts that are "exceedingly complicated." *Conkright v. Frommert*, 559 U.S. 506, 509 (2010)*; Wachtel*

*v. Health Net, Inc.*, 482 F.3d 225, 237 (3d Cir. 2007) ("ERISA is an enormously complicated statute."). As noted above, among the risks of ongoing litigation were risks that the Court could find that some or all Defendants had not breached any fiduciary duties. Even if Plaintiffs succeeded in proving a breach of fiduciary duty, there was no guarantee that the Court would have selected the damages model most favorable to Plaintiffs and Class Members. If litigation in the case had continued, the parties would have had to complete depositions, expert discovery, a class certification motion, and motions for summary judgment before trial and any possible appeals, all of which would have been very expensive. Further, Defendants have no insurance coverage, and Plaintiffs were concerned about their ability to collect a judgment from the Defendants. Feinberg Decl. at ¶ 7. Indeed, Defendants insisted on paying the settlement amount in installments. *Id.*; Ex. 1.

Thus, given the risks presented by the litigation, including the risk of outright loss on either liability or damages and the risk of Defendants' inability to satisfy a judgment—particularly if Defendants had to engage in a protracted legal battle—the Settlement payment of $1.75 million (plus settlement administration and independent trustee costs) is fundamentally fair to the Class.

### C.  The Risk of Maintaining Class Action Status Throughout the Trial.

This case had not been certified as a class action prior to the parties reaching the Settlement. However, as discussed in Plaintiffs' Motion for Preliminary Approval, all of the Federal Rule of Civil Procedure 23 requirements are easily met. *See* ECF No.46 at pp. 5 – 10; *see also Wit v. United Behavioral Health*, 317 F.R.D. 106, 132–33 (N.D. Cal. 2016) ("Certification under Rule 23(b)(1) is particularly appropriate in cases involving ERISA fiduciaries who must apply uniform standards to a large number of beneficiaries.") Thus, this factor is neutral. *See Vasquez*, 266 F.R.D. at 489.

### D.  The Amount Offered in Settlement.

The settlement payment amounts to an average of about $80,000 per Class Member.

Depending on the number of shares in each individual Class Member's ESOP account compared to the total number of shares held by the ESOP, the allocation to an individual Class Member may be substantially higher or lower. The Settlement payment is well within the range of potential recoveries for the 22 Class Members in this case.

### E. The Extent of Discovery Completed and the Stage of the Proceedings.

"A settlement following sufficient discovery and genuine arms-length negotiation is presumed fair." *Vasquez*, 266 F.R.D. at 489 (citing *City P'ship Co. v. Atl. Acquisition Ltd. P'ship*, 100 F.3d 1041, 1043 (1st Cir. 1996)).

Class Counsel investigated this case by interviewing numerous former employees of Tennyson Electric regarding the ESOP, and by reviewing Plan instruments, IRS Form 5500 filings, other documents provided by Class Members, and filings in other litigation against Tennyson Electric. Feinberg Decl. at ¶ 3. Following this investigation, Plaintiffs filed their Complaint on April 20, 2017, naming Michael A. Tennyson, Cathleen W. Tennyson, Plan Committee of the Tennyson Electric, Inc. Employee Stock Ownership Plain, and Tennyson Electric, Inc. as Defendants. ECF No. 1.

As summarized above, Plaintiffs conducted discovery, including reviewing more than 10,000 pages of documents produced by Defendants and third parties. Feinberg Decl. at ¶ 4. Plaintiffs sought documents from third parties pursuant to subpoenas, including documents from the third-party advisors involved in the Transaction. *Id*. Plaintiffs engaged an expert to prepare a comprehensive analysis of liability and damages issues, including a valuation of Tennyson stock at the time of Transaction. *Id*. at ¶ 5. Plaintiffs provided their expert report to Defendants under the mediation privilege in advance of their mediation session. *Id*.

Further, the Settlement is the result of extensive arms-length negotiations. The parties reached this Settlement after a full-day mediation under the supervision of an experienced and neutral mediator and subsequent negotiations between the parties' counsel. *Id*. at ¶ 6. This factor weighs in favor of approval.

### F. Experience and Views of Counsel.

Courts grant "great weight . . . to the recommendation of counsel, who are most closely acquainted with the facts of the underlying litigation." *In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prod. Liab. Litig.*, 229 F. Supp. 3d 1052, 1067 (N.D. Cal. 2017) (quoting *Nat'l Rural Telecomm.*, 221 F.R.D. at 528) (internal quotations omitted). "Parties represented by competent counsel are better positioned than courts to produce a settlement that fairly reflects each party's expected outcome in the litigation." *Pac. Enters. Sec. Litig.*, 47 F.3d 373, 378 (9th Cir. 1995).

As described in Plaintiffs' Motion for Preliminary Approval, Class Counsel has a solid basis upon which to assess the risks of continued litigation. ECF No. 43 at p. 11. Taking into consideration the record developed during this litigation and the results achieved in similar cases, Class Counsel believes the settlement is fair, reasonable, and adequate. Feinberg Decl. at ¶ 9.

### G. The Lack of Opposition by the Class and the Independent Fiduciary's Approval.

Pursuant to the Court's Preliminary Approval Order, the Settlement Administrator mailed the Notice of Class Action Settlement on July 23, 2018 to all putative Class Members identified through data provided by Defendants. Ness Decl. ¶ 6. In addition, the Class Notice and other documents relevant to the proposed settlement, including the Motion for Attorneys' Fees, have been posted on the settlement website established by the settlement administrator. *Id*. ¶ 8.

As the Notice states, the deadline to object to the Settlement was September 6, 2018. No Class Members objected to the Settlement. Feinberg Decl. ¶ 10. The absence of objections demonstrates support for the Settlement Agreement: "A low number of opt-outs and objections in comparison to the class size is typically a factor that supports approval." *Noll v. eBay, Inc.*, 309 F.R.D. 593, 608 (N.D. Cal. 2015). Here, the fairness, reasonableness, and adequacy of the Settlement are supported by the absence of any objections to the Settlement.

### H. The *Bluetooth* Factors Support Approval of the Settlement.

The Ninth Circuit held in *In re Bluetooth Headset Products Liability Litigation*, 654 F.3d 935, 946 (9th Cir. 2011), that where "a settlement agreement is negotiated *prior* to formal class

certification, consideration of these eight *Churchill* factors alone is not enough to survive appellate review." The *Bluetooth* court held that district courts must scrutinize such settlements to ensure the they are "not the product of collusion among the negotiating parties." *Id.* at 947. The court identified the following factors as signs of collusion: (1) "when counsel receive a disproportionate distribution of the settlement, or when the class receives no monetary distribution but class counsel are amply rewarded," (2) "when the parties negotiate a 'clear sailing' arrangement providing for the payment of attorneys' fees separate and apart from class funds," and (3) "when the parties arrange for fees not awarded to revert to defendants rather than be added to the class fund." *Id.*

None of these warning signs of collusion are present here. As discussed in Plaintiffs' Motion for Award of Attorneys' Fees and Costs, Class Counsel have requested an award of 25% of the common fund created by the Settlement. ECF No. 60 at p. 1. This is the benchmark common fund award in the Ninth Circuit, *see Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002), and fairly compensates Class Counsel for the excellent result they obtained for the Class and the risks they took in pursuing this case. *See* ECF No. 60 at pp. 9-13. Therefore, Class Counsel will not receive a disproportionate share of the Settlement. Moreover, unlike the settlement in *Bluetooth*, which provided no money to the class, Class Members will receive significant monetary benefits from the Settlement—the Settlement Amount provides for an average individual award of approximately $80,000. Although the Settlement Agreement provides that Defendants will not object to a request for attorneys' fees of 25% of the common fund, a "'clear sailing' provision 'does not signal the possibility of collusion' where, as here, Class Counsel's fee will be awarded by the Court from the same common fund as the recovery to the class." *Cabiness v. Educ. Fin. Sols., LLC*, No. 16-CV-01109-JST, 2018 WL 3108991, at *7 (N.D. Cal. June 25, 2018) (citations omitted). Moreover, there is no "kicker" or reversionary provision whereby unpaid attorneys' fees would be returned to defendants, which the Ninth Circuit cited as amplifying the danger of collusion when a defendant agrees not to object to a fee

1  request by class counsel. *Bluetooth*, 654 F.3d at 949.

2  These facts, in addition to the fact that (1) the Parties had developed informed views of
3  the claims and defenses and (2) the Settlement is the product of arms-length negotiations assisted
4  by a neutral mediator, demonstrate that the Settlement is not collusive. It is an excellent result for
5  the Class, and exceeds the "fair, reasonable, and adequate" standard.

## IV. CONCLUSION

For all of the foregoing reasons, Plaintiffs respectfully request that the Court grant the Proposed Final Approval Order filed herewith.

Dated:  October 6, 2018                            Respectfully submitted,

By:  */s/ Daniel Feinberg*
     Daniel Feinberg

     Daniel Feinberg (SBN 135983)
     FEINBERG, JACKSON,
     WORTHMAN & WASOW LLP
     2030 Addison Street, Suite 500
     Berkeley, CA 94704
     (510) 269-7998
     dan@feinbergjackson.com