**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO/OAKLAND DIVISION**

| | |
|---|---|
| MANLEY GOUGH, *et al.*,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>MICHAEL A. TENNYSON, *et al.*,<br><br>　　　　　Defendants. | Case No. c17-02215-PJH<br><br>**[PROPOSED] ORDER GRANTING (1) FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND (2) MOTION FOR ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND SERVICE AWARDS TO NAMED PLAINTIFFS** |

---

Case No. 17-CV-02215-PJH          [PROPOSED] ORDER GRANTING FINAL APPROVAL

This matter came before the Court on October 24, 2018 for final approval of the proposed Class Settlement (the "Settlement") and a motion by Plaintiffs for attorneys' fees, reimbursement of expenses, and service awards for the Named Plaintiffs. The Court has considered all papers filed and proceedings in this matter and held a hearing on October 24, 2018, at which the Parties and all other interested persons were afforded the opportunity to be heard in support of and in opposition to the proposed Settlement. Based on the papers filed with the Court and presentations made to the Court at the hearing, it is **ORDERED** as follows:

1. The definitions and provisions of the Settlement Agreement are incorporated as though fully set forth here. For purposes of this Order, all capitalized terms used here shall have the meaning ascribed to them in the Settlement Agreement, unless otherwise noted. This Order controls in the event of any conflicts between the terms of this Order and the Settlement Agreement.

2. **Jurisdiction**. The Court has jurisdiction over the subject matter of the Settlement Agreement with respect to and over all the parties to the Settlement Agreement, including members of the Class. The Court has jurisdiction to finally approve the proposed Settlement, to grant final certification of the Settlement Class, and to dismiss claims alleged in the Complaint on the merits and with prejudice.

3. **Settlement Class**. Pursuant to the Preliminary Approval Order (ECF No. 58), the Court preliminarily certified, for settlement purposes only, the following Settlement Class under Rule 23(a) and Rule 23(b)(1) of the Federal Rules of Civil Procedure: "all individuals who are or, as of October 2015, were participants in the Tennyson Electric, Inc. ESOP with a balance in the ESOP. Excluded from the class definition are Defendants Michael and Cathleen Tennyson and their son, Matthew Tennyson." The Settlement Agreement defined the Settlement Class to include both participants and beneficiaries in the ESOP, but the Settlement Class as approved by the Court is limited to the ESOP participants and does not include the ESOP beneficiaries. For the reasons stated in the Preliminary Approval Order, the Court reaffirms that it is proper to certify, and hereby does finally certify, for settlement purposes only, the Settlement Class as defined herein pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(1).

4. **Settlement Class Counsel**. Pursuant to Rule 23(g) of the Federal Rules of Civil Procedure, the Court previously appointed Feinberg, Jackson, Worthman & Wasow LLP as Class Counsel. The Court finds that Class Counsel has fully and adequately represented the interests of the Settlement Class for purposes of entering into and implementing the Settlement Agreement and has satisfied the requirements of Rule 23(g).

5. **Settlement Class Notice**. The Court finds that the distribution of the Notice of Class Action Settlement was in accordance with the terms of the Settlement Agreement and the Court's Preliminary Approval Order, and

   a. constituted the best practicable notice to members of the Settlement Classes under the circumstances of this action;
   b. was reasonably calculated, under the circumstances, to apprise members of the Settlement Class of (i) the pendency of this class action; (ii) their right to object to any aspect of the proposed Settlement, including final certification of the Settlement Class, the fairness, reasonableness or adequacy of the Settlement Class' representation by Class Counsel, and the award of attorneys' fees and expenses; (iii) their right to appear at the Final Approval Hearing; and (iv) the binding effect of the orders and Final Judgment as to all claims against Defendants in this action, whether favorable or unfavorable, on all members of the Settlement Class;
   c. was reasonable and constituted due, adequate and sufficient notice to all persons entitled to be provided with notice; and
   d. fully satisfied the requirements of the Federal Rules of Civil Procedure (including Rules 23(c)(2) and (e)), and the Due Process Clause of the United States Constitution.

6. **The Fairness, Adequacy, and Reasonableness of the Settlement**. For the reasons in the Court's Preliminary Approval Order, the Court concludes that the Settlement is procedurally and substantively fair, reasonable, and adequate, and grants final approval. The

Settlement is not collusive, as it resulted from "good faith, arms-length negotiations." *Bellinghausen v. Tractor Supply Co.*, 306 F.R.D. 245, 258 (N.D. Cal. 2015).

Additionally, the Court has considered the eight factors set forth in *Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004). Having considered each of these factors with respect to the Settlement, the Court concludes that the *Churchill* factors strongly support final approval. Specifically, the Court finds that (a) continued litigation would be complex, expensive, and lengthy; (b) the stage of the proceedings and the amount of discovery conducted allowed Class Counsel to obtain sufficient information to adequately evaluate the merits of the case; (c) there are risks of establishing liability and remedies and of maintaining the class action through trial; (d) the Settlement falls within the range of reasonableness in light of the best possible recovery and all attendant risks of litigation; and (e) no Class Members have objected to the Settlement.

The plan of allocation of the Settlement is also fair, reasonable, and adequate in all respects. Under the plan of allocation, the settlement proceeds will be allocated based upon the Class Members' pro rata stock allocation under the ESOP as of October 2015. Thus, if Class Members held 1,000 ESOP shares, then a Class Member who held 50 shares would receive 5% of the settlement proceeds.

The Settlement is fully approved as fair, reasonable, and adequate as to, and in the best interests of, Plaintiffs and Class Members, and is in full compliance with all applicable requirements of the Federal Rules of Civil Procedure, and the Due Process Clause of the United States Constitution.

Plaintiffs, Defendants, and Class Members are hereby directed to implement and consummate the Settlement Agreement according to its terms and provisions, subject to this Order. This Order controls in the event of any conflict between the terms of the Settlement Agreement and this Order.

7. **Award of Fees to Class Counsel**. The Court has considered the five factors set forth in *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1048-50 (9th Cir. 2002): (1) the results

obtained for the class; (2) the risk undertaken by counsel; (3) incidental or non-monetary benefits conferred by the settlement; (4) the terms of the professional relationship with the client; and (5) the financial burden of representation borne by Class Counsel. After consideration of these factors, the Court grants Plaintiffs' motion for (1) an award of attorneys' fees equal to 25 percent of the Settlement Fund—$437,500—and (2) reimbursement of $15,000 in litigation expenses. The Court orders the attorneys' fees to be paid to Class Counsel in two installments—25% of the settlement payment shall be transferred from the settlement escrow account at the end of 2018 and 25% of the settlement payment shall be transferred from the settlement escrow account at the end of 2019. Counsel's approved litigation expenses shall be reimbursed thirty (30) days after entry of Judgment.

8. **Service Awards to Class Representatives**. After considering the time and effort expended by Class Representatives in assisting the prosecution of the action, as well as the risks borne by them, the Court grants Plaintiffs' motion for an award of service incentive payments in the amount of $5,000 each to Class Representatives Manley Gough, Curtis Bryant, and John Gouveia thirty (30) days after entry of Judgment.

9. **Continuing Jurisdiction, Dismissal of This Action, and Entry of Final Judgment**. Without affecting the finality of this Order and Final Judgment, the Court reserves exclusive and continuing jurisdiction for five (5) years following the date of this Order over the class action, the Named Plaintiffs, the Class, and Defendants for purposes of taking such actions as may be necessary to administer, implement, or enforce the Settlement, including resolving any disputes over administration of the Settlement. Nothing in this Order or in the Final Judgment entered in connection with this Order shall preclude any action to enforce the Settlement Agreement or any other claims not released by the Settlement Agreement.

The Court dismisses with prejudice all claims in this action.

For the reasons set forth herein, the Court hereby (1) **GRANTS** final approval of the Settlement; (2) **GRANTS** Plaintiffs' motion for an award of attorneys' fees, reimbursement of expenses, and class representative service awards; and (3) **DISMISSES** this Action with

prejudice. The parties are ordered to carry out the Settlement as provided in the Settlement Agreement.

It is so ORDERED this __24th__ day of October, 2018

_____
Honorable Phyllis J. Hamilton
Chief District Judge

*IT IS SO ORDERED*
*Judge Phyllis J. Hamilton*